UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PANFILO MONTELLANO-ESPANA, individually
and on behalf of all other persons similarly situated,          14-CV-1433 (SJ) (RLM)

             Plaintiff,

 -v.-

COOKING LIGHT, INC.,
and GUS KARASAKALIDES, jointly and severally,

             Defendants.
------------------------------------------------------------------------X

**DEFENSE' PROPOSED FINDINGS**
**OF FACT AND CONCLUSIONS OF LAW**

           Arthur H. Forman, Esq.
           98-20 Metropolitan Avenue
           Forest Hills, New York 11375
           (718) 268-2616

           *Attorney for Defendants*

           John A. Mitchell, Esq.
           MITCHELL & INCANTALUPO
           98-20 Metropolitan Avenue
           Forest Hills, New York 11375
           (718) 997-1000

           *Attorneys for Defendants*

## PRELIMINARY STATEMENT

Plaintiff, Panfilo Montellano-Espana (the, "Plaintiff") commenced this action individually, and on behalf of other purportedly similarly situated employees, against Cooking Light Inc. (the, "Restaurant") and Gus Karasakalides "(Karasakalides"), seeking alleged unpaid minimum wages and overtime under the Fair Labor Standards Act ("FLSA"), title 29, U.S.C. §§ 201 et seq. and New York Law. (Complaint ¶1)

By Order dated October 3, 2014, Magistrate Judge Roanne L. Mann authorized Plaintiff to send court supervised notice of the opportunity to join the actions as opt-in Plaintiffs to employees or former employees of the Restaurant who worked as dishwashers and delivery persons at any point after October 31, 2011 (Doc. #32). By Order dated December 1, 2014, Magistrate Judge Mann extended the time for opt-in Plaintiffs to return their consents to join the action from December 2, 2014 until January 15, 2015. (Doc. #35)

Nevertheless, no current or former employees opted to join the action, and the action proceeded to trial on April 7, 2015 before your Honor without a jury, with only the one named Plaintiff, Panfilo Montellano-Espana (the, "Plaintiff").

Defendants respectfully submit the following proposed findings of fact and conclusions of law for the Court to adopt pursuant to Federal Rule of Civil Procedure 52(a).

## PROPOSED FINDINGS OF FACT

1. Plaintiff, Panfilo Montellano-Espana commenced this action by filing a Complaint on March 4, 2014 pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* and New York law, seeking unpaid minimum wages, overtime compensation, spread of hours pay, uniform maintenance pay, and reimbursement for purchasing a uniform. (ECF Doc. #1)

2. Plaintiff alleged, in his Complaint, that he worked for Defendants from December 12, 2008 until November 13, 2012. (*Id.* at ¶ 17)

3. Plaintiff filed a First Amended Complaint on May 8, 2014. (ECF Doc. #16)

4. In the First Amended Complaint, Plaintiff changed the date his employment began to on or about December 2007. (*Id* at ¶ 17)

5. Defendant Cooking Light, Inc., is a coffee shop with table service, located in Brooklyn, New York, operating as Garden Grill restaurant. (Tr. 80)[1]

6. Defendant, Gus Karasakalides has owned the Garden Grill since 1998. (Tr. 80)

7. Plaintiff was hired to make deliveries. He did not perform any other duties while the restaurant was open. (Tr. 174-175) At night, Plaintiff would help close the restaurant by taking out garbage, sweeping and moping. (Tr. 81). But these duties only took ten or twenty minutes before Plaintiff left for the night. (Tr. 88)

8. Plaintiff was always paid at the rate of $5.00 per hour plus tips when he worked for Defendants. (Tr. 112)

---

[1] References designated "Tr.___" refer to the corresponding page or pages of the trial transcript.

9. The Plaintiff's wages were paid in cash, amounting to $250 per week when he worked five days, $300 per week when he worked six days and $350 the few weeks he worked seven days. (Tr. 18; Exh. "A")[2]

10. Plaintiff claimed Defendants deducted 35% of his tips from orders faxed to the restaurant. (Tr. 16). However, improper deductions from tips were nowhere alleged in the pleadings. (ECF Doc.16; Tr. 63). Further, Plaintiff did not provide the date when the restaurant started to receive orders by fax, other than to say it was sometime after he began working there. (Tr. 15-16.)

11. In order to discourage Plaintiff from leaving for another job, Defendants paid Plaintiff these amounts even if he came late to work. (Tr. 97; 147)

12. Defendant Karasakalides testified that he performed a detailed analysis of Plaintiff's hours and amounts he was paid. According to those calculations, Plaintiff was actually overpaid $2,520.00, including wages at the applicable tipped rate, overtime pay, spread of hours pay, and deducting time for meal breaks. (Tr. 102-107, 108-109, Exh. 1)

13. The testimony of Defendant Karasakalides is corroborated by written time and pay records. From November 26, 2007 until May 8, 2011, Plaintiff signed a weekly schedule which documented his start and end time for each day he worked, and the amount he was paid, in cash, each week. (Exh. 1; Tr. 89-92) Plaintiff also signed similar time and pay records for the period May 9, 2011 until November 13, 2012, however Defendants no longer have those records. (Tr. 95-96)

---

[2] References designated "Exh.__" are to the exhibits in evidence.

14. Although Plaintiff offered testimony different from that offered by Karasakalides concerning his pay and hours, his testimony lacked detail and was inconsistent.

15. Plaintiff testified that when he was hired, he worked some days from 10:00 a.m. or 12:00 noon to closing. But Plaintiff did not state how many days per week he began at 10:00 a.m. and how many days per week at 12:00 noon, or what approximate time was closing. (Tr. 10)

16. Plaintiff went on to testify that after three and one-half years he began work earlier one day per week and ended work later one day per week. But Plaintiff failed to specify how many hours per day he came in earlier or left later. (Tr. 20)

17. Plaintiff then claimed that for the last three months he worked for Defendants he worked from 6:00 a.m. to 4:00 p.m. one day per week and 8:00 a.m. to 6:00 p.m. another day per week. But again Plaintiff did not testify as to the total number of hours he worked per week for his last three months of employment with Defendants. (Tr. 20-21)

18. On cross-examination, Plaintiff stated he sometimes worked as much as 85 hour per week. (Tr. 59; First Amended Complaint, ¶19). However, neither Plaintiff's pleadings nor his testimony provided the number of weeks he worked for as many as 85 hours per week.

19. Although Plaintiff testified he always worked until closing (Tr. 10), which was 9:00 p.m. (Tr. 84, 88), Defendants' time and pay records, which were signed by Plaintiff, document the fact that from October 27, 2008 until May 19, 2010, Plaintiff only worked until 8:00 p.m. (Exh.1, pp. 4-10). Starting on May 20, 2010 until May 8, 2011, Plaintiff

worked until 9:00 p.m. (Exh. 1, pp. 10-12). Defendants' time and pay records were admitted into evidence at trial by both Plaintiff and Defendant. (ECF Doc #44)

20. Plaintiff, on cross-examination, first denied, under oath, that he had signed the time sheets. (Tr. 48-49). But upon further cross-examination, when Plaintiff was presented with the originals of the time sheets, he was forced to admit that all the signatures were his, and he had signed the time sheets. (Tr. 52-53)

21. Plaintiff claimed to have only made $25 to $30 per day in tips, based on his memory. (Tr. 61)

22. When Plaintiff worked for Defendants, Karasakalides had asked Plaintiff to report the amount of his tips, but Plaintiff failed or refused to disclose it. (Tr. 118; 163-164)

23. Nevertheless, Karasakalides had an idea of the amount of Plaintiff's tips from the tips shown on the fax orders and the credit card payments. (Tr. 168).

24. Defendant Karasakalides testified that Plaintiff typically made over fifty deliveries per day. (Tr. 86). He went on to testify that between credit card tips, cash tips and tips from faxed orders, Plaintiff likely made twice what he claimed, approximately $300 in tips each week. (Tr. 117)

25. Plaintiff knew from the date he started working that he would be paid at the tipped rate and keep the tips he was given. (Tr. 112) He also signed a Form 195.1 in January 2012 (Exh. C; Tr. 114), and was shown a second Form 195.1 in November 2012 which Plaintiff refused to sign. (Exh. D; Tr. 114)

26.     Plaintiff denied, at first, ever having been shown a NYS Form 195.1. (Tr. 73, 75) On continued cross-examination, however, Plaintiff admitted he was presented with the form, but refused to sign. (Tr. 76)

27.     Further, a labor poster containing the minimum wage and overtime rates was prominently displayed on the job site since 2007. (Tr. 122)

28.     Plaintiff was provided with three T-Shirts with the name, address and phone number of the restaurant when he was hired, without charge. (Tr. 121).  But he was not required to wear them at work. (*Id.*)  That was the only article of clothing related to Plaintiff's employment. (Tr. 122)

29.     Plaintiff was provided with a meal without charge, with an approximate value of $15.00, each day he worked.

## PROPOSED CONCLUSIONS OF LAW

1.      Jurisdiction over this action is conferred on the Court pursuant to Section 17 of the Fair Labor Standards Act, 29 U.S.C. §217, and 28 U.C.C. §§1331 and 1345. The Court has the power to exercise supplemental jurisdiction over all State law claims pursuant to 28 U.S.C. § 1367 in that they are so related to the FLSA claims that they form part of the same case or controversy.  Personal jurisdiction is conferred upon the Court as each Defendant has done business in the State of New York.

2.      Defendants Cooking Light Inc. and Gus Karasakalides at all times material to this action were, "employers" of the Plaintiff within the meaning of § 3(d) of the FLSA, 29 U.S.C.§ 203(d), and N.Y. Labor Law §651(6).

3.      With respect to tipped employees, the FLSA and New York law permits the employer to take a "tip credit" which reduces the minimum wage and overtime rate an employer is required to pay an employee.  29 U.S. C. §203(m); N.Y. Comp. Codes R.

Regs. tit. 12 § 137-1.4. At all times relevant herein, the amounts Defendants paid to Plaintiff equaled or exceeded the tipped minimum hourly wage, which was $4.60 until July 23, 2009, $4.65 from July 24, 2009 until December 31, 2010, and %5.00 per hour for all subsequent dates relevant herein. N.Y. Comp. Codes R. Regs. tit. 12 § 137-1.5.

4. Both the FLSA and New York law requires employers to pay their employees at the rate of at least one and one-half times their regular rate of pay for each hour above forty hours that an employee works in any given work week. 29 U.S.C. §207; N.Y. Comp. Codes R. Regs. tit. 12 § 137-1.3.

5. In addition, separate from any other regular or overtime wages, when an employee works more than 10 hours on any given day, the employee is entitled to receive an additional one hour of pay at the applicable minimum wage rate. N.Y. Comp. Codes R. Regs. tit. 12 § 137-1.7.

6. Plaintiff's claims under the FLSA for work performed prior to March 5, 2011, are barred by the statute, which provides for a three year statute of limitations. 29 U.S.C. §255(a). Plaintiff claims under New York law for work performed prior to March 5, 2008, are barred by the six year statute of limitations. N.Y. Lab. Law § 198(3).

7. Defendants are entitled to exclude the time the plaintiff was given as a meal break from plaintiff's compensable time. 29 C.F.R. 785.19(a).

8. Defendants are entitled to take meal allowances as credits against wages. 29 C.F.R. 531.31; N.Y. Comp. Codes R. Regs. tit. 12 § § 146-l.9 (a).

9. Plaintiff is not entitled to be reimbursed for any clothes he alleges he purchased from defendants because the clothes were furnished to plaintiff free of charge in sufficient quantity for an average workweek. N.Y. Comp. Codes R. & Regs. tit. 12,

§146-1.2(b).

10. Plaintiff is not owed for maintenance of the clothes he wore at work as they were not a required uniform, and were otherwise exempt pursuant to the "wash and wear" exception to uniform maintenance pay. N.Y. Comp. Codes R. & Regs. tit. 12, §146-1.2(b) and 3.10.

11. Plaintiff's testimony has too many deficiencies for the Court to find that Plaintiff was underpaid. As a result of Plaintiff's vague and inconsistent testimony, as compared to Defendants' testimony and written documentation, Plaintiff has failed to meet his burden of proof and therefore the Complaint should be dismissed.

Date: August 31, 2015
     Forest Hills, New York

                                                                   /S/
                                         Arthur H. Forman, Esq.
                                         98-20 Metropolitan Avenue
                                         Forest Hills, New York 11375
                                         (718) 268-2616

                                         John A. Mitchell, Esq.
                                         MITCHELL & INCANTALUPO
                                         98-20 Metropolitan Avenue
                                         Forest Hills, New York 11375
                                         (718) 997-1000

                                         *Attorneys for Defendants*