UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK

PANFILO MONTELLANO-ESPANA,
individually and on behalf of all other persons
similarly situated,

                    Plaintiff,

                    –against–                                    14 CV 1433 (SJ) (RLM)

COOKING LIGHT INC. and GUS
KARASAKALIDES, jointly and severally,

                    Defendants.

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

### TABLE OF CONTENTS

I.    Introduction ................................................................................................................. 2

II.   Facts ............................................................................................................................. 2

III.  Defendants Joint Employers of Plaintiff ................................................................... 10

IV.   Defendants Failed to Pay Plaintiff Minimum Wage .................................................. 12

V.    Defendants Not Entitled to Tip Credit ...................................................................... 15

VI.   Defendants Failed to Pay Plaintiff Overtime Premium ............................................. 22

VII.  Defendants Failed to Pay Plaintiff Spread-of-Hours Wages ..................................... 23

VIII. Defendants Failed to Pay Plaintiff Uniform Maintenance Pay and Reimburse Plaintiff for
      Costs of Required Uniform ....................................................................................... 23

IX.   Defendants Unlawfully Retained Gratuities from Plaintiff ....................................... 25

X.    Defendants Cannot Rebut Plaintiff's Testimony of Wages and Hours ...................... 25

XI.   Defendants Owe Plaintiff Actual Damages ............................................................... 31

XII.  Plaintiff Entitled to Federal and State Liquidated Damages ...................................... 37

XIII. Plaintiff Entitled to State Law Prejudgment Interest ................................................. 42

XIV.  Provision for Automatic Increase of Judgment ......................................................... 42

XV.   Conclusion ........................................................................................................43

## I.   INTRODUCTION

The plaintiff submits these proposed findings of fact and conclusions of law.

This is an action for wages due the plaintiff for the failure of the defendants to pay the plaintiff the minimum wage in violation of the Fair Labor Standards Act, the Minimum Wage Act, the Wage Theft Prevention Act, and other sections of the New York Labor Law.

## II.   FACTS

The defendants (referred to herein collectively as the restaurant) admitted the following in their Answer to the First Amended Complaint. The defendants' business is a full-service restaurant doing business as Garden Grill and Coffee Shop and located at 318 Graham Avenue, in Brooklyn, New York. *See* Ans. ¶12; Tr. 11–12, 80.

The business is owned by Gus Karasakalides. *See* Ans. ¶13; Tr. 80. At all relevant times, Mr. Karasakalides was an individual who actively participated in the business of the defendants, exercised substantial control over the functions of the employees of the defendants, including the plaintiff and party plaintiffs, and acted directly or indirectly in the interest of an employer. *See* Ans. ¶14. At all relevant times, Mr. Karasakalides had the capacity on behalf of the defendants to establish the wages and hours of the employees of the defendants. *See* Ans. ¶15.

The restaurant is covered by the Fair Labor Standards Act. *See id.* ¶35.

The following facts are derived from the testimony at trial. The restaurant employed the plaintiff, Mr. Montellano-Espana, from December 2, 2007, until November 13, 2012. *See* Tr. 10, 33, 41, 94; Ex. 1/A.

The defendants employed Mr. Montellano-Espana as a dishwasher, cleaner, and deliveryman. *See* Tr. 11–12. The plaintiff spent approximately 40% of his time delivering orders, and 60% of his time on his other duties. *See id.* at 12–13. Mr. Montellano-Espana testified that, for the round-trip, his closest deliveries, perhaps a couple blocks away, would take him 5 minutes and his farthest deliveries, about three miles by bicycle, would take him up to 25 minutes. *See id.* at 61. Mr. Karasakalides testified that Mr. Montellano-Espana was fast and one of the restaurant's best employees at delivering orders. *See id.* at 87. Mr. Montellano-Espana testified that he delivered about 15 orders, 30 at most, per workday. *See id.* at 61. In an average 12-hour workday, *see id.* at 83; Ex. 1/A, taking the average of the 5 and 25 minute deliveries to which Mr. Montellano-Espana testified, 15 minutes, and assuming 15 deliveries per day, Mr. Montellano-Espana would spend 3 ¾ hours out of the 12-hour workday making deliveries, or 31.25% of his day. Given the approximate nature of these assumptions, this is consistent with Mr. Montellano-Espana's testimony that he spent about 40% of his workday delivering orders. *See* Tr. 12–13. Mr. Karasakalides testified that Mr. Montellano-Espana made 50 to 60 deliveries, at least, per workday, *see id.* at 86, then later testified 60 to 70 deliveries, at least, per workday. *See id.* at 175. Assuming again that the average delivery took Mr. Montellano-Espana 15 minutes round-trip, it would take Mr. Montellano-Espana 15 hours to make 60 deliveries, well in excess of the mostly undisputed length of Mr. Montellano-Espana's workday, assuming he never took a break and every minute of his workday was spent making deliveries. But Mr. Karasakalides testified that there were times Mr. Montellano-Espana would be waiting without delivery orders, *see id.* at 86, and that Mr. Montellano-Espana had two hours of breaks each workday. *See id.* at 83. Mr. Karasakalides's testimony is not credible. None of Mr. Karasakalides's testimony is concerning the proportion of the workday Mr. Montellano-

3

Espana was delivering orders relative to other duties, Mr. Montellano-Espana's hours, or Mr. Montellano-Espana's breaks should be considered credible by the Court.

Mr. Montellano-Espana worked for the defendants approximately between sixty and eighty-five hours per week. *See id.* at 10. Mr. Karasakalides told Mr. Montellano-Espana what his hours were verbally at first, then some time later on a written schedule. *See id.* at 13.

Mr. Montellano-Espana had no regularly scheduled breaks. *See* Tr. 14. The restaurant never kept any record of Mr. Montellano-Espana's breaks. *See id.* at 14, 85. The restaurant provided inconsistent testimony about Mr. Montellano-Espana's supposed breaks; Mr. Karasakalides testified that that the restaurant deducted 2 hours per day from Mr. Montellano-Espana's hours for breaks, *see id.* at 83, but later testified that the restaurant only allowed Mr. Montellano-Espana 1 hour for a break; *see id.* at 85, and then later testified that Mr. Montellano-Espana took a one-hour break on days he worked 10 hours and a 2-hour break on days he worked 12 hours. *See id.* at 91. Mr. Karasakalides did not explain when Mr. Montellano-Espana's purported 2-hour break would occur, but, while testifying that the restaurant allowed Mr. Montellano-Espana a 1-hour break, Mr. Karasakalides testified it was sometimes from 2 to 3 p.m., and sometimes from 3 to 4 p.m. *See id.* at 85. Regardless of whether these breaks never happened, as Mr. Montellano-Espana alleges, or happened as best as can be understood from Mr. Karasakalides's testimony, the restaurant violated the law, which requires that employees like Mr. Montellano-Espana receive a 30-minute break between 11 a.m. and 2 p.m. and a 20-minute break between 5 and 7 p.m. *See* N.Y. Lab. Law § 162(2)–(3).

Mr. Montellano-Espana never saw the restaurant keep any contemporaneous records of hours worked, such as by a logbook or time clock. *See* Tr. 13–15. The parties both entered into evidence documents from the restaurant purporting to show Mr. Montellano-Espana's start and

end times each day and wages paid. *See* Ex. 1/A. The documents purportedly cover the period of time from the start of Mr. Montellano-Espana's employment by the restaurant in the week beginning November 26, 2007, until the week beginning May 2, 2011, except that the week of March 10, 2008, is missing. *See* Tr. 95; Ex. 1/A. The restaurant supposedly lost the documents from the remainder of the time it employed Mr. Montellano-Espana. *See* Tr. 95, 173.

The restaurant's documents are not actual records of Mr. Montellano-Espana's hours worked. *See id.* at 87. Mr. Karasakalides testified that the information in the document of the plaintiff's start and end times reflect the hours the restaurant wanted Mr. Montellano-Espana to work, in other words, his schedule, rather than his actual start and end times. *See id.* But, under cross-examination, Mr. Karasakalides twice contradicted himself and testified that these documents were recorded contemporaneously when Mr. Montellano-Espana started and finished work. *See id.* at 124, 153. Then, Mr. Karasakalides twice contradicted himself again, testifying that, when Mr. Montellano-Espana would arrive late to work, Mr. Karasakalides would write, and the documents show, not the time Mr. Montellano-Espana actually arrived at work, but the time he was supposed to arrive, because the documents reflect the time for which Mr. Montellano-Espana was compensated, not the time Mr. Montellano-Espana actually worked. *See id.* 129, 154. The restaurant contends that Mr. Montellano-Espana worked fewer hours than the restaurant recorded in the documents, *see id.* at 88, and Mr. Montellano-Espana contends he worked more hours. *See id.* at 22, 26.

The restaurant did not give Mr. Montellano-Espana the opportunity to correct the information in the restaurant's documents at the time they were made or any time after. *See id.* at 27. Because Mr. Montellano-Espana was paid any more or less depending on the hours per day he worked, he had no incentive to correct the information in the restaurant's documents. *See id.*

Mr. Montellano-Espana agrees with the accuracy of the start times. *See id.* at 22, 26. However, Mr. Montellano-Espana testified that the end times are incorrect. *See id.* Mr. Montellano-Espana testified that, during the time purportedly covered by these documents, he worked until 10:00 p.m. each day of the week he worked except Fridays and Saturdays, when he worked until 11:00 p.m. *See id.* at 20, 22–24, 26, 34. Mr. Montellano-Espana testified that his hours later became longer. *See id.* at 20. This change is reflected in the defendants' documents. *See* Ex. 1/A. Mr. Montellano-Espana testified that his hours in the last three months of his employment by the restaurant were different. *See id.* at 20–21. During that time, Mr. Montellano-Espana testified he worked one day from 6:00 a.m. to 4:00 p.m., and the other five days from 8:00 a.m. to 6:00 p.m., except three days, when he worked until 10:00 p.m. or 11:00 p.m., depending on the day of the week, consistent with his former schedule. *See id.* at 20–21, 34.

Mr. Montellano-Espana did not work from Tuesday through Friday during the week of June 2, 2008, and left work earlier than usual on the Saturday during that week, which is reflected accurately in the restaurant's documents. *See id.* at 34–35; Ex. 1/A. Mr. Montellano-Espana had no other time off for vacation or otherwise. *See* Tr. 33.

The restaurant paid Mr. Montellano-Espana in cash. *See id.* at 81, 89. Mr. Montellano-Espana testified that Mr. Karasakalides told Mr. Montellano-Espana when he was hired that the restaurant would pay Mr. Montellano-Espana at a rate of $50 per day. *See id.* at 10. The restaurant's documents include, for the workweeks the documents cover, the wages the restaurant paid Mr. Montellano-Espana, and that information is not disputed. *See id.* at 42, 54–58. With one exception, the restaurant's documents show that Mr. Montellano-Espana was always paid the product of $50 and the total days Mr. Montellano-Espana worked for the restaurant in the given workweek. *See*

Ex. 1/A. The restaurant paid Mr. Montellano-Espana no more or less based on the hours he worked each workday. *See id.* at 27; Ex. 1/A.

Despite the restaurant's admission on summary judgment, Mr. Karasakalides testified that the restaurant paid Mr. Montellano-Espana, during the entirety of the restaurant's employment of Mr. Montellano-Espana, at an hourly rate of $5.00, an overtime hourly rate of $7.50, and $7.50 per day whenever Mr. Montellano-Espana worked a spread of hours in excess of 10. *See id.* at 88, 103, 107–09, 132, 134–38. Mr. Karasakalides testified that, nonetheless, the restaurant always paid Mr. Montellano-Espana $250, which he explained, firstly, that the restaurant did not want to pay Mr. Montellano-Espana less when he worked fewer hours, *see id.* at 97, 129, and, secondly, that the restaurant wanted to pay Mr. Montellano-Espana $250 per week as a salary, that the restaurant and Mr. Montellano-Espana had agreed to that salary, and that the hours were figured to reflect that salary. *See id.* at 103–04. Mr. Karasakalides's testimony that the restaurant and Mr. Montellano-Espana had agreed to the $250 per week salary contradicts his later testimony on cross-examination that Mr. Karasakalides only told Mr. Montellano-Espana that he would be paid on an hourly basis. *See id.* at 123. Despite Mr. Karasakalides's testimony that the restaurant paid Mr. Montellano-Espana on an hourly basis, Mr. Karasakalides could not explain how this purported hourly basis ever added up to the amount the restaurant actually paid Mr. Montellano-Espana. *See id.* at 130–47. Mr. Karasakalides testified that, based on the restaurant's hourly method of pay, the restaurant consistently either underpaid or overpaid Mr. Montellano-Espana each week. *See id.* at 103, 105–08.

The plaintiff earned tips for the deliveries he made. *See id.* at 15. Mr. Montellano-Espana testified that the restaurant never asked the plaintiff how much he made in cash tips. *See id.* at 17. Mr. Karasakalides testified that he asked Mr. Montellano-Espana, although he did not say he did

so with any regularity, and that Mr. Montellano-Espana never actually told Mr. Karasakalides the amount. *See id.* at 117–18, 163. The restaurant apparently never insisted, and there was no consequence to Mr. Montellano-Espana's purported refusal to disclose his tips. *See id.* at 164. The restaurant never kept any records of the tips received by Mr. Montellano-Espana, *see id.* at 163, even though the restaurant knew it was legally required. *See id.* at 165. The restaurant was also aware that it needed to keep actual evidence of the tips received by Mr. Montellano-Espana to take the tip credit, but still did not keep records. *See id.*

The restaurant retained 35% of Mr. Montellano-Espana's gratuities on orders placed to the restaurant through third-party Internet websites and received by the restaurant by fax. *See id.* at 15, 18–19. Not including the amount retained by the restaurant, the restaurant paid to Mr. Montellano-Espana approximately $130 per week in tips from orders placed to the restaurant through third-party Internet websites and received by the restaurant by fax. *See id.* at 19–20, 117.

Mr. Montellano-Espana testified that the restaurant never notified Mr. Montellano-Espana that the restaurant was taking a tip credit on his wages. *See id.* at 27–28. Mr. Karasakalides testified that Mr. Karasakalides did tell Mr. Montellano-Espana, "I would pay him $5.00 an hour, plus the remaining tip credit he would get as tips when he makes his deliveries." *Id.* at. 112.

The plaintiff worked in excess of forty hours each workweek, yet the defendants willfully failed to pay the plaintiff overtime compensation of one and one-half times their regular rate of pay. *See id.* at 27. Mr. Montellano-Espana testified the defendants never paid him overtime premium. *See id.* Mr. Karasakalides testified that the defendants paid the plaintiff at an overtime rate, though, again, he cannot explain how the purported hourly basis ever added up to the plaintiff's gross wages. *See id.* at 130–47. Even if credible, the restaurant admits it knowingly paid the plaintiff less than the overtime rate required by law. *See id.* at 159.

The plaintiff worked a spread of hours in excess of ten each day, yet the defendants willfully failed to pay the plaintiff spread-of-hours compensation. *See id.* at 27.

Mr. Montellano-Espana was required by the restaurant to wear a uniform consisting of a tee-shirt with the name of the restaurant on the front and back, and working pants. *See id.* at 28–31, 65–70.

The defendants did not launder or maintain the plaintiff's required uniforms, and the plaintiff laundered and maintained the plaintiff's required uniforms at the plaintiff's expense, and the defendants willfully failed to pay an allowance to the plaintiff for uniform maintenance. *See id.* at 32, 121.

The plaintiff purchased a required uniform, and the defendants failed to reimburse the plaintiff the total cost of the uniform. *See id.* at 30–32. The plaintiff spent $191 to purchase a required uniform, which the defendants did not reimburse. *See id.* at 30–32.

The restaurant did not give Mr. Montellano-Espana a notice and acknowledgment until January 18, 2012. *See id.* at 155, 159–60. That notice and acknowledgement indicates it was given before a change in pay rate, though the restaurant admits that is false. *See id.* at 160–61. Mr. Karasakalides testified that the restaurant provided Mr. Montellano-Espana the notice and acknowledgment because the restaurant's accountant advised the restaurant that its recordkeeping was inadequate. *See id.* at 160. Despite the notice and acknowledgment stating that the employee is required to receive a copy, the restaurant failed to give Mr. Montellano-Espana a copy. *See id.* at 155. Later that year, the restaurant attempted to give Mr. Montellano-Espana a new notice and acknowledgment and have him sign it a week after he had stopped working for the restaurant. *See id.* at 162. That notice and acknowledgment states, obviously falsely, that it was given at the time of hiring. *See id.* Both notices are missing essential information, such as the "doing-business-as"

name of the defendants' business, the telephone number, and the physical or mailing address or both. *See id.* at 155–58, 162. The January 18, 2012, notice and acknowledgment states that the tip credit taken from the minimum wage was $7.25, an error, and then states below in Spanish that it is $2.25. *See id.* at 158. Mr. Karasakalides also testified that the restaurant did not actually pay Mr. Montellano-Espana in the way the notice and acknowledgment stated. As discussed, despite the restaurant's contentions, the restaurant actually paid Mr. Montellano-Espana a daily salary of $50, not hourly. But, assuming the restaurant's contention that it paid Mr. Montellano-Espana on an hourly basis is true, Mr. Karasakalides testified that the overtime rate stated in the notice is false, that the restaurant actually paid Mr. Montellano-Espana an overtime rate less than that stated in the notice. *See id.* at 158–59.

Mr. Karasakalides never visited a government web site, consulted a lawyer, or read the wage and hour laws in deciding the plaintiff's basis of wages, *see id.* at 151, or figuring out what records the restaurant needed to keep. *See id.* at 152–53. Mr. Karasakalides did testify that he discussed the minimum wage and tip credit with his accountant, though not concerning Mr. Montellano-Espana specifically. *See id.* at 151–52. Mr. Karasakalides also testified he read the wage and hour law posters that were posted in the restaurant. *See id.* at 152. The restaurant also failed to pay and deduct payroll taxes and to withhold income taxes for many of its employees, instead paying them "off the books." *See id.* at 173, 175–76.

## III.   DEFENDANTS JOINT EMPLOYERS OF PLAINTIFF

The defendants are joint employers of the plaintiff. "A single individual may stand in the relation of an employee to two or more employers at the same time under the Fair Labor Standards Act of 1938…." 29 C.F.R. § 791.2(a).

> Where the employee performs work which simultaneously benefits two or more employers…, a joint employment relationship generally will be considered to exist in situations such as:
>
> ….
>
> (2) Where one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee; or
>
> (3) Where the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer.

*Id.* § 791.2(b) (footnotes omitted).

> [I]f the facts establish that the employee is employed jointly by two or more employers…, all of the employee's work for all of the joint employers during the workweek is considered as one employment for purposes of the Act. In this event, all joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the act, including the overtime provisions….

*Id.* § 791.2(a) (footnote omitted).

The Second Circuit applies an economic reality test to determine if an employment relationship exists. *See Irizarry v. Catsimatidis*, 722 F.3d 99, 105 (2d Cir. 2013). The "'economic reality' test encompasses the totality of circumstances." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999). Although no single factor is dispositive of the inquiry, the court will consider whether the alleged employer "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined

the rate and method of payment, and (4) maintained employment records." *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984) (quoting *Bonnette v. Cal. Health and Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983)). "'[T]he remedial nature of the [Fair Labor Standards Act] … warrants an expansive interpretation of its provisions so that they will have 'the widest possible impact'….'" *Irizarry*, 722 F.3d at 110 (quoting *RSR Sec. Servs. Ltd.*, 172 F.3d at 139) (first omission in original).

"Ownership, or a stake in a company, is insufficient to establish that an individual is an 'employer….'" *Id.* at 111. Rather, courts must consider whether an individual exercises operational control over the plaintiffs' employment. "A person exercises operational control over employees if his or her role within the company, and the decisions it entails, directly affect the nature or conditions of the employees' employment." *Id.* at 110. However, "[a]n employer does not need to look over his workers' shoulders every day in order to exercise control." *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1060 (2d Cir. 1988).

The restaurant admits in its answer that Mr. Karasakalides owns the restaurant, *see* Ans. ¶13, actively participated in the business, exercised substantial control over the functions of the employees of the business, and had the capacity to establish the wages and hours of the employees of the business. *See id.* ¶14. Mr. Karasakalides also hired the plaintiff on behalf of the restaurant. *See* Tr. 10. Therefore, Mr. Karasakalides is within the definition of an employer and employed the plaintiff jointly with the restaurant. Accordingly, the defendants are joint employers and are each jointly and severally liable.

## IV.   DEFENDANTS FAILED TO PAY PLAINTIFF MINIMUM WAGE

An employer subject to the Fair Labor Standards Act is required to pay its employees at least the federal minimum wage for every hour worked. 29 U.S.C. § 206. The New York Minimum

Wage Act also prescribes a minimum wage. N.Y. Lab. Law § 652(1); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.2. If the state minimum wage exceeds the federal minimum wage, the employer must pay at least the state minimum wage for every hour worked. 29 U.S.C. § 218(a). A plaintiff may recover under the statute that provides the greatest damages. *See Wicaksono v. XYZ 48 Corp.*, No. 10 CV 3635, 2011 U.S. Dist. LEXIS 55771, at *8–9 (E.D.N.Y. May 2, 2011).

There is a six-year statute of limitations to commence an action under the Minimum Wage Act. N.Y. Lab. Law § 663(3); *see also Man Wei Chiu v. New Peking Taste Inc.*, No 11 CV 1175, 2014 WL 652355, at *10 (E.D.N.Y. Feb. 19, 2014). Accordingly, the plaintiff asserts only those claims arising on or after March 5, 2008.

Under the Minimum Wage Act, the minimum wage rate was $7.15 per hour until July 24, 2009, when it became $7.25 per hour. N.Y. Lab. Law § 652(1); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.2. At all relevant times, the New York minimum wage rate was the same or higher than the federal. *Compare* 29 U.S.C. § 206(a)(1) *with* N.Y. Lab. Law § 652(1) *and* N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.2. Indeed, the New York minimum wage rate can never be lower than the federal minimum wage rate because the statute adopts the federal minimum wage rate whenever it is greater. N.Y. Lab. Law § 652(1). The Minimum Wage Act provides greater actual damages than the Fair Labor Standards Act for the plaintiff's minimum wage claim because of the longer statute of limitations and higher minimum wage rate, and the plaintiff's actual damages are therefore calculated pursuant to the Minimum Wage Act.

The defendants admitted upon the plaintiff's motion for partial summary judgment that the restaurant paid Mr. Montellano-Espana $50 per day. Mr. Montellano-Espana testified to the same. The defendants own wage and hour records, for the incomplete duration they exist, reflect the same,

excepting one week, and both Mr. Montellano-Espana and the restaurant agree the records are accurate as to Mr. Montellano-Espana's pay.

Despite all of this, Mr. Karasakalides insists that Mr. Montellano-Espana was paid on an hourly basis. But actually, Mr. Karasakalides really testifies that, although the restaurant was supposed to pay Mr. Montellano-Espana on an hourly basis, the restaurant actually paid Mr. Montellano-Espana $250 per week, because the restaurant feared Mr. Montellano-Espana's complaints or attrition if Mr. Montellano-Espana received less than that when Mr. Montellano-Espana worked fewer hours.

None of Mr. Karasakalides's testimony is credible. If Mr. Montellano-Espana was paid hourly, Mr. Karasakalides could not testify as to how. During his testimony, when allowed to explain this supposed hourly basis of Mr. Montellano-Espana's pay, the amount calculated by Mr. Karasakalides never equaled the amount both Mr. Montellano-Espana and the restaurant agree Mr. Montellano-Espana was actually paid. Mr. Karasakalides also could not explain during his testimony why, if the restaurant paid Mr. Montellano-Espana on an hourly basis, the restaurant's own documents show that, in comparing various weeks of Mr. Montellano-Espana's employment, Mr. Montellano-Espana was paid the same amount in two given weeks despite working markedly different hours. Neither did the restaurant pay Mr. Montellano-Espana $250 per week. The only rate of pay that explains the restaurant's own records of Mr. Montellano-Espana's wages and hours is that Mr. Montellano-Espana was paid $50 per day, and that rate of pay explains every week, except one, for which the restaurant produced records.

Therefore, Mr. Montellano-Espana's effective hourly rate is his total pay for each workweek, based on $50 per day, with the exception of the one week he was paid more, divided by his hours worked. Whenever Mr. Montellano-Espana's effective hourly rate is below the

minimum wage, Mr. Montellano-Espana is entitled to the difference in actual damages from the restaurant.

## V.   DEFENDANTS NOT ENTITLED TO TIP CREDIT

An employer may take a tip credit against the minimum wage for certain employees who receive tips from their employer's customers. 29 U.S.C. § 203(m); N.Y. Lab. Law § 652(4); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.3. The tip credit may not exceed the tips actually received by the employee. 29 U.S.C. § 203(m); N.Y. Lab. Law § 652(4); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.3. However, the tip credit is subject to requirements that must be "strictly construed, and must be satisfied even if the employee received tips at least equivalent to the minimum wage." *Chung v. New Silver Palace Rest., Inc.*, 246 F. Supp. 2d 220, 229 (S.D.N.Y. 2002).

For an employer to take the tip credit, the Fair Labor Standards Act requires "employer explanation to employees of the tip credit provisions." Updating Regulations Issued under the Fair Labor Standards Act, 76 Fed. Reg. 18,832, 18,843 (Apr. 5, 2011) (quoting S. Rep. No. 93-690, at 40 (1974)); *accord* 29 U.S.C. § 203(m) ("The preceding 2 sentences shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection…."). "[T]he employer must first notify the employees of its intention to include tip income when calculating wages actually paid for minimum wage purposes." *Gonzalez v. Jane Roe Inc.*, No. 10 CV 1000, 2014 U.S. Dist. LEXIS 117194, at *8 n.4 (E.D.N.Y. July 24, 2014) (quoting *Cao v. Wu. Liang Ye Lexington Rest., Inc.*, No. 08 CV 3725, 2010 U.S. Dist. LEXIS 109373, at *5–6, 2010 WL 4159391, at *2 (S.D.N.Y. Sept. 30, 2010)), *adopted by* 2014 U.S. Dist. LEXIS 116171 (E.D.N.Y. Aug. 19, 2014); *see Fermin v. Las Delicias Peruanas Rest., Inc.*, No. 14 CV 559, 2015 U.S. Dist. LEXIS 34457, at *39–40 (E.D.N.Y. Feb. 27, 2015), *adopted by* 2015 U.S.

Dist. LEXIS 34365 (E.D.N.Y. Mar. 19, 2015). To take the tip credit, the employee must be informed by the employer, at least,

> how to determine the wage an employer is required to pay a tipped employee, which is "the amount paid such employee by the employee's employer" (an amount that cannot be less than the case wage required to be paid to a tipped employee on August 20, 1996, which was $2.13), and "the additional amount on account of the tips received by such employee" (an amount equal to the difference between the actual cash wage paid and the full minimum wage in effect under section 6(a)(1) of the Act.

Updating Regulations Issued under the Fair Labor Standards Act, 76 Fed. Reg. 18,843 (quoting 29 U.S.C. § 203(m)); *see* U.S. Dep't of Labor, Wage & Hour Div., Fact Sheet #15, Tipped Employees under the Fair Labor Standards Act (FLSA) (2009) ("If an employer elects to use the tip credit provision the employer must … inform each tipped employee about the tip credit allowance (including amount to be credited) before the credit is utilized."). However, Courts have reached differing conclusions on the extent of the notice required, with some finding that the statute "could easily be read to require more." Updating Regulations Issued under the Fair Labor Standards Act, 76 Fed. Reg. 18,843 (quoting *Martin v. Tango's Rest., Inc.*, 969 F.2d 1319, 1322 (1st Cir. 1992)) (collecting cases) Therefore, effective May 5, 2011, a regulation was promulgated to clarify the extent of the notice required. *Id.* at 18,856.

> Pursuant to section 3(m), an employer is not eligible to take the tip credit unless it has informed its tipped employees in advance of the employer's use of the tip credit of the provisions of section 3(m) of the Act, i.e.: The amount of the cash wage that is to be paid to the tipped employee by the employer; the additional amount by

which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee; that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and that the tip credit shall not apply to any employee who has not been informed of these requirements in this section.

29 C.F.R. § 531.59; *see* U.S. Dep't of Labor, Wage & Hour Div., Fact Sheet #15, Tipped Employees under the Fair Labor Standards Act (FLSA) (2013).

Under the Minimum Wage Act, too, for the employer to take the tip credit, the employer must give the employee proper notice. *Fermin*, 2015 U.S. Dist. LEXIS 34457, at *39–40; *Gonzalez*, 2014 U.S. Dist. LEXIS 117194, at *8 n.4 (citing *Cao*, 2010 U.S. Dist. LEXIS 109373, at *6, 2010 WL 4159391, at *2). To take the tip credit, the employer must furnish to each employee a statement with every payment of wages that must include, among other information, the tip credit (also called the tip allowance) claimed as part of the minimum wage. *Padilla v. Manlapaz*, 643 F. Supp. 2d 302, 309–10 (E.D.N.Y. 2009); N.Y. Lab. Law. § 195(3); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.3. Effective January 1, 2011, the employer must also give each employee a written notice at the start of employment and with any change in its information that must include, among other information, the same. N.Y. Lab. Law. § 195(1)–(2); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.3. The employer has the burden of proving it has obeyed the law. N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.3.

To establish that the employer is entitled to take the tip credit as to an employee, it is the employer's burden of proof to "demonstrate that the employee received at least that amount in

actual tips." 29 C.F.R. § 531.59(b); *see* N.Y. Comp. Codes R. & Regs. tit. 12, § 146-3.3(d). The Minimum Wage Act requires employers to keep for six years weekly payroll records showing tip credits claimed as part of the minimum wage. *Padilla*, 643 F. Supp. 2d at 310. If an employer fails to keep records of tips, the employer cannot take the tip credit. *See id.*; *Tudor*, No. PR 10-050, slip op. at 9 (N.Y. Indus. Bd. of Appeals Dec. 14, 2012).

An employer cannot take the tip credit as to an employee unless "all tips received by such employee have been retained by the employee." 29 U.S.C. § 203(m). "When tips are retained by the employer, the 'tip credit' cannot be used to meet the required minimum wage." *Kleitman v. MSCK Mayain Olam Habba Inc.*, No. 11CV 2817, 2013 U.S. Dist. LEXIS 117907, at *8 (E.D.N.Y. Aug. 20, 2013).

Under the Fair Labor Standards Act, an employer may only take the tip credit as to an employee who works in both tipped and non-tipped occupations for the employee's hours in the tipped occupation. *Chhab v. Darden Rests., Inc.*, No. 11 CV 8345, 2013 U.S. Dist. LEXIS 135926, at *9 (S.D.N.Y. Sept. 19, 2013); 29 C.F.R. § 531.56. An employer may take the tip credit for "some time that the tipped employee spends in duties related to the tipped occupation, even though such duties are not by themselves directed toward producing tips." U.S. Dep't of Labor, Wage & Hour Div., Fact Sheet #15, Tipped Employees under the Fair Labor Standards Act (FLSA) (2013); *accord Chhab*, 2013 U.S. Dist. LEXIS 135926, at *9–10; 29 C.F.R. § 531.56. However, "tipped employees who spend a substantial amount of time, or more than twenty percent of their workweeks, engaged in related but non-tip-producing work must be paid the full minimum wage for the time spent performing the non-tipped work." *Chhab*, 2013 U.S. Dist. LEXIS 135926, at *11, 2013 WL 5308004, at *3; *accord Mendez v. Int'l Food House Inc.*, 2014 U.S. Dist. LEXIS 121158, at *7–8 (S.D.N.Y. Aug. 28, 2014); U.S. Dep't of Labor, Wage & Hour Div., Fact Sheet #15, Tipped

Employees under the Fair Labor Standards Act (FLSA) (2013). Under the Minimum Wage Act, though, effective January 1, 2011, there is no such distinction between separate occupations and related duties; an employer cannot take the tip credit in a given workday as to an employee who, in that given workday, "works at a non-tipped occupation (a) for two hours or more, or (b) for more than 20 percent of his or her shift, whichever is less." N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.9; *accord Mendez*, 2014 U.S. Dist. LEXIS 121158, at *8.

At all relevant times, the minimum wage after the maximum tip credit is higher under the Minimum Wage Act than under the Fair Labor Standards Act. *Compare* 29 U.S.C. § 203(m) *and* 29 C.F.R. §531.50(a) *with* N.Y. Lab. Law § 652(4) *and* N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.3. Again, a plaintiff may recover under the statute that provides the greatest damages. *See Wicaksono*, 2011 U.S. Dist. LEXIS 55771, at *8–9.

The plaintiff's tipped occupation was a delivery person, an occupation falling into the lower of the two tip credit categories, "service employee." *Compare* N.Y. Comp. Codes R. & Regs. tit. 12, § 146-3.3(a) *with id.* § 146-3.4(a) (emphasis omitted) ("The term food service worker shall not include delivery workers."). Accordingly, the maximum tip credit the defendants could deduct from the minimum wage as to the plaintiff was $1.60 an hour for an employee whose average of tips received is between $1.60 and $2.30 per hour, and $2.30 per hour for an employee whose average of tips received is $2.30 per hour or more; then, on and after July 24, 2009, $1.60 an hour for an employee whose average of tips received is between $1.60 and $2.35 per hour, and $2.35 per hour for an employee whose average of tips received is $2.35 per hour or more. *Id.* § 137-1.4. On and after January 1, 2011, the maximum tip credit the defendants could deduct from the minimum wage as to the plaintiff was $1.60 an hour.

The defendants are not entitled to the tip credit. Firstly, the restaurant has failed to meet its burden of proof that it provided Mr. Montellano-Espana notice of the tip credit provisions. The employer has the burden of proving it provided the employee notice. Given that burden, the restaurant's failure to document that notice in writing would be fatal even if the employer and employee's testimony were equally credible, which, is not so in this case. Mr. Montellano-Espana testified that the restaurant never notified him at all about the tip credit. Mr. Karasakalides testified that he told Mr. Montellano-Espana the specific hourly rate he would be paid and that a tip credit would be made up from the tips he received making deliveries. Mr. Karasakalides's testimony is not credible because, as discussed above, the restaurant never paid Mr. Montellano-Espana an hourly rate taking a tip credit, the restaurant paid Mr. Montellano-Espana $50 per day. But even assuming Mr. Karasakalides's testimony is true, what Mr. Karasakalides testifies he told Mr. Montellano-Espana is still insufficient to provide lawful notice of the tip credit provisions. The restaurant failed to notify Mr. Montellano-Espana of the actual amount of the tip credit the restaurant was taking against his hourly wage, which is required for the restaurant to be entitled to take the tip credit. Neither did the restaurant notify Mr. Montellano-Espana of any of the information contained in the clarified May 5, 2011, regulation. Neither also did the restaurant furnish Mr. Montellano-Espana with a statement with each payment of wages, as the defendants admitted on summary judgment, which should have contained information on the tip credit, and which the restaurant was required to furnish to be entitled to take the tip credit. Neither also did the restaurant provide Mr. Montellano-Espana with a notice and acknowledgment when that requirement took effect on January 1, 2011. For all of these reasons, the restaurant failed to give Mr. Montellano-Espana notice of the tip credit provisions and cannot take the tip credit.

Secondly, to be entitled to the tip credit, the defendants are required to have maintained records of the plaintiff's tips and the tip credit taken in each workweek. The defendants failed to keep any such records of the tips received by Mr. Montellano-Espana, despite admitting it knew it was required to by law. Besides being necessary to take the tip credit, an employer must also receive the employee's gross tips to properly calculate payroll taxes and income tax withholding. Therefore, even if the defendants were otherwise entitled to the tip credit, as a matter of law, the defendants' failure to keep records prevents the defendants from taking the tip credit.

Thirdly, the restaurant unlawfully retained 35% of Mr. Montellano-Espana's gratuities on orders placed to the restaurant through third-party Internet websites and received by the restaurant by fax. By unlawfully retaining Mr. Montellano-Espana's tips, the restaurant forfeits its entitlement to the tip credit.

For the above reasons, the restaurant is not entitled to the tip credit. But, even if the restaurant were entitled to take the tip credit, it cannot do so for all of Mr. Montellano-Espana's hours worked, and it cannot do so at all beginning January 1, 2011. Pursuant to the Fair Labor Standards Act, an employer may only take the tip credit for hours worked in a tipped occupation. As discussed above, Mr. Montellano-Espana testifies credibly that he spent 60% of his time as a dishwasher, and 40% as a delivery person. Given that the dishwashing occupation was the plurality of Mr. Montellano-Espana's time, the Court cannot conclude that, pursuant to the Fair Labor Standards Act, Mr. Montellano-Espana's dishwashing duties were related to his tipped occupation as a delivery person, which would have entitled the defendants to take the tip credit for hours spent doing both tipped and non-tipped occupations. But even if the dishwashing duties were related to Mr. Montellano-Espana's occupation as a delivery person, the time spent in the delivery occupation falls far short of the required 80% to entitle the restaurant to treat all of Mr. Montellano-

Espana's hours as time in a tipped occupation. Furthermore, after January 1, 2011, the stricter Minimum Wage Act provision renders the consideration of whether the duties are related irrelevant; Mr. Montellano-Espana's time as a dishwasher far exceeds the 80% of the shift or 2 hours in a day. Therefore, at best, the defendants would only be entitled to take the tip credit for the 40% of Mr. Montellano-Espana's hours spent making deliveries, his tipped occupation, prior to January 1, 2011. But, for the reasons discussed above, the defendants are not entitled to the tip credit at all, and the Court need not reach a determination of the tip credit to which the defendants would have been entitled for those hours.

Lastly, as discussed above, although not credible, the restaurant contends it was paying Mr. Montellano-Espana $5.00 per hour after taking a tip credit. That is the rate to which Mr. Karasakalides testified, and the rate stated on the restaurant's tardy notices. On and after January 1, 2011, the maximum tip credit the defendants could deduct from the minimum wage as to the plaintiff was $1.60 per hour, meaning that the minimum cash wage the restaurant was required to pay Mr. Montellano-Espana was $5.65 per hour, not $5.00. The restaurant apparently erroneously applied the greater tip credit for food service workers to Mr. Montellano-Espana, when Mr. Montellano-Espana was actually covered by the lesser tip credit for service employees. As a result, if the restaurant's purported hourly rates were how the restaurant actually paid Mr. Montellano-Espana, the restaurant would clearly still have been violating the Minimum Wage Act. Again, the defendants have not credibly shown they are entitled to the tip credit.

## VI.   DEFENDANTS FAILED TO PAY PLAINTIFF OVERTIME PREMIUM

An employer subject to the Fair Labor Standards Act is required to pay its employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek. 29 U.S.C. §§ 207(a)(1), 215(a)(2). The Minimum Wage Act requires

the same. N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4. "If the employee is paid a flat sum for a day's work or for doing a particular job, without regard to the number of hours worked in the day or at the job, and if he receives no other form of compensation for services, his regular rate is determined by totaling all the sums received at such day rates or job rates in the workweek and dividing by the total hours actually worked. He is then entitled to extra half-time pay at this rate for all hours worked in excess of 40 in the workweek." 29 C.F.R. § 778.112. If the regular rate is less than the minimum wage rate, the minimum wage rate becomes the regular rate.

Because the restaurant paid Mr. Montellano-Espana a daily salary, not on an hourly basis, it is impossible that the defendants could have paid Mr. Montellano-Espana overtime premium for his varying hours each workweek. Therefore, Mr. Montellano-Espana is entitled to overtime premium, calculated according to the above, as actual damages from the restaurant.

## VII.  DEFENDANTS FAILED TO PAY PLAINTIFF SPREAD-OF-HOURS WAGES

An employer is required to pay an employee who works a spread of hours in excess of ten an additional hour at the minimum wage rate. N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6. Again, there is no credible evidence the restaurant actually paid Mr. Montellano-Espana spread-of-hours wages. Accordingly, Mr. Montellano-Espana is entitled to spread-of-hours wages for each day Mr. Montellano-Espana worked a spread of hours in excess of ten as actual damages from the restaurant.

## VIII. DEFENDANTS FAILED TO PAY PLAINTIFF UNIFORM MAINTENANCE PAY AND REIMBURSE PLAINTIFF FOR COSTS OF REQUIRED UNIFORM

"A required uniform is that clothing required to be worn while working at the request of an employer, or to comply with any federal, state or local law, rule, or regulation, except clothing that may be worn as part of an employee's ordinary wardrobe." N.Y. Comp. Codes R. & Regs. tit. 12,

§ 146-3.10 (emphasis omitted). An employer must pay an employee uniform maintenance pay if the employer does not maintain required uniforms. *Id.* § 146-1.7(a). "Maintaining required uniforms includes washing, ironing, dry cleaning, alterations, repair, or any other maintenance necessary." *Id.* § 146-1.7. 51. From January 1, 2007, until July 24, 2009, the applicable uniform maintenance pay for workweeks between twenty and thirty hours was $7.00 per week, and for over thirty hours, $8.90, and from July 24, 2009, between twenty and thirty hours, $7.10, and for over thirty hours, $9.00. *Id.* § 146-1.7. An employer must also reimburse an employee for the cost of purchasing a required uniform. *Id.* § 146-1.8. Effective January 1, 2011, there is a wash-and-wear exception to the requirement to pay uniform maintenance, but it requires that the employer furnish for free or reimburse the employee for a number of uniforms equal to the average number of days per week worked by the employee. *Id.* § 146-1.7(b).

Mr. Montellano-Espana testified that he was required by the restaurant to wear a tee shirt with a logo and checkered pants. Mr. Montellano-Espana also testified that he spent $191 purchasing required uniforms from the restaurant, and that the restaurant did not reimburse him. Both the tee shirt and the pants were produced to the Court. The restaurant offered testimony that it did provide these tee shirts to Mr. Montellano-Espana, but that he was not required to wear them, and that the restaurant did not require uniform pants. It is implausible that the restaurant would provide tee shirts to Mr. Montellano-Espana for free and then not require him to wear them. Mr. Montellano-Espana's testimony is more credible than the restaurant's. The restaurant admitted on summary judgment that the restaurant did not pay uniform maintenance pay. The restaurant is not within the wash-and-wear exception because Mr. Montellano-Espana bought his uniforms and was not reimbursed. Even if the restaurant were within that exception, it would apply only beginning January 1, 2011. Accordingly, Mr. Montellano-Espana is entitled to actual damages from the

restaurant in the amount of $191.00 for the costs of purchasing his required uniform. Mr. Montellano-Espana is also entitled to uniform maintenance pay, calculated according to the above, as actual damages from the restaurant.

## IX.   DEFENDANTS UNLAWFULLY RETAINED GRATUITIES FROM PLAINTIFF

It is unlawful for an employer to retain gratuities belonging to an employee. 29 U.S.C. §§ 203(m), 206, 215(a)(2); N.Y. Lab. Law § 196-d; 29 C.F.R. § 531.52. Mr. Montellano-Espana testified that the restaurant retained 35% of his gratuities earned on Internet orders, and that he only received about $130 per week from this stream of gratuities. That means that Mr. Montellano-Espana should have received $200 per week, a difference of $70. There is no testimony as to the precise date the restaurant started taking Internet orders, but Mr. Montellano-Espana testified that it was in the middle of his employment. Mr. Montellano-Espana worked for the restaurant for 260 weeks. It is reasonable to assume that the restaurant took Internet orders half that time, or 130 weeks. Therefore, Mr. Montellano-Espana is entitled to $9,100 as retained gratuities in actual damages from the restaurant.

## X.   DEFENDANTS CANNOT REBUT PLAINTIFF'S TESTIMONY OF WAGES AND HOURS

An employee has the burden of proving the employee's hours worked. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). An employer is required to maintain and preserve detailed records of hours worked and wages earned by each employee. *See* N.Y. Lab. Law § 195(4); 29 C.F.R. § 516.2(a); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.1. If an employer has kept accurate records, a calculation of an employee's hours worked is straightforward.

However, if an employer's records are inaccurate or inadequate, the employee may satisfy the employee's burden "if he proves that he has in fact performed work for which he was

improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson*, 328 U.S. at 687; *see also Chao v. Vidtape, Inc.*, 66 Fed. App'x 261, 264 (2d Cir. 2003); *Reich v. S. New Eng. Telecomm. Corp.* (*SNET*), 121 F.3d 58, 66–68 (2d Cir. 1997). Once the inference is established, "the burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence." *Anderson*, 328 U.S. at 687–88; *see also Chao*, 66 Fed. App'x at 264; *SNET*, 121 F.3d at 67–68. "If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate." *Anderson*, 328 U.S. at 688; *see also SNET*, 121 F.3d at 67. "Unless the employer can provide accurate estimates, it is the duty of the trier of facts to draw whatever reasonable inferences can be drawn from the employee's evidence…." *Anderson*, 328 U.S. at 693; *Tudor*, slip op. at 6–8. "General testimony of shift times and hours is insufficient to establish an accurate estimate of hours worked by employees." *Tudor*, slip op. at 8.

As discussed above, for the time the restaurant did provide documents, these documents reflect Mr. Montellano-Espana's scheduled hours as the restaurant wanted them, not Mr. Montellano-Espana's actual hours worked. That Mr. Montellano-Espana signed the documents is of no importance. Because he was paid a flat salary regardless of hours worked, he had no incentive to dispute the documents at the time he signed. While the Court is allowed to credit Mr. Montellano-Espana's general testimony about his hours worked, as a matter of law, the Court cannot credit the same from the restaurant. The restaurant has failed to provide evidence sufficient to establish an accurate estimate of Mr. Montellano-Espana's actual, not scheduled, hours worked in any given workweek so as to refute Mr. Montellano-Espana's testimony disputing the accuracy of the documents. During the time for which the restaurant has no records at all, the restaurant is

even worse off, only able to testify without any real accuracy to an approximate number of hours Mr. Montellano-Espana worked. For that time period, Mr. Montellano-Espana's testimony is sufficient and entirely unrebutted.

The restaurant also has failed to provide evidence sufficient to establish an accurate estimate of Mr. Montellano-Espana's breaks, for which the restaurant has no records, only generalized testimony. The restaurant has failed to rebut Mr. Montellano-Espana's testimony that his breaks were *de minimis*. Breaks of short duration must be counted as hours worked. 29 C.F.R. § 785.18. Furthermore, the restaurant's testimony reveals it failed to give Mr. Montellano-Espana breaks at the times and for the durations required by the New York Labor Law. The New York Labor Law requires that employees receive a 30-minute break between 11 a.m. and 2 p.m. and a 20-minute break between 5 and 7 p.m. *See* N.Y. Lab. Law § 162(2)–(3). The restaurant should not be entitled to deduct these unlawfully timed breaks from Mr. Montellano-Espana's compensable time.

Table 1 summarizes Mr. Montellano-Espana's testimony of his hours worked and wages paid, based on and as modifying the restaurant's documents.

## Table 1: Plaintiff's testimony of hours worked

| Week beginning | Monday | | Tuesday | | Wednesday | | Thursday | | Friday | | Saturday | | Sunday | | Wages paid |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Start | End | Start | End | Start | End | Start | End | Start | End | Start | End | Start | End | |
| 3/3/2008 | 10:00 AM | 10:00 PM | | | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | | | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | $250 |
| 3/10/2008 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 10:00 AM | 10:00 PM | | | | | 10:00 AM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 3/17/2008 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 10:00 AM | 10:00 PM | | | | | 10:00 AM | 11:00 PM | 12:00 PM | 10:00 PM | $300 |
| 3/24/2008 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 10:00 AM | 10:00 PM | | | | | 10:00 AM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 3/31/2008 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 10:00 AM | 10:00 PM | | | | | 10:00 AM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 4/7/2008 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 10:00 AM | 10:00 PM | | | | | 10:00 AM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 4/14/2008 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 10:00 AM | 10:00 PM | | | | | 10:00 AM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 4/21/2008 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 10:00 AM | 10:00 PM | | | | | 10:00 AM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 4/28/2008 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 10:00 AM | 10:00 PM | | | | | 10:00 AM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 5/5/2008 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 10:00 AM | 10:00 PM | | | | | 10:00 AM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 5/12/2008 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 10:00 AM | 10:00 PM | | | | | 10:00 AM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 5/19/2008 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 10:00 AM | 10:00 PM | | | | | 10:00 AM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 5/26/2008 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 10:00 AM | 10:00 PM | | | | | 10:00 AM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 6/2/2008 | 10:00 AM | 10:00 PM | | | | | | | | | 10:00 AM | 3:00 PM | 12:00 PM | 10:00 PM | $100 |
| 6/9/2008 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 10:00 AM | 10:00 PM | | | | | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | $100 |
| 6/16/2008 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 10:00 AM | 10:00 PM | | | | | 10:00 AM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 6/23/2008 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 10:00 AM | 10:00 PM | | | | | 10:00 AM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 6/30/2008 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 10:00 AM | 10:00 PM | | | | | 10:00 AM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 7/7/2008 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 10:00 AM | 10:00 PM | | | | | 10:00 AM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 7/14/2008 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 10:00 AM | 10:00 PM | | | | | 10:00 AM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 7/21/2008 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 10:00 AM | 10:00 PM | | | | | 10:00 AM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 7/28/2008 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 10:00 AM | 10:00 PM | | | | | 10:00 AM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8/4/2008 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 10:00 AM | 10:00 PM | | | | | 10:00 AM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 8/11/2008 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 10:00 AM | 10:00 PM | | | | | 10:00 AM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 8/18/2008 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 10:00 AM | 10:00 PM | | | | | | | | | $250 |
| 8/25/2008 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 10:00 AM | 10:00 PM | | | 12:00 PM | 11:00 PM | 10:00 AM | 11:00 PM | 12:00 PM | 10:00 PM | $300 |
| 9/1/2008 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 10:00 AM | 10:00 PM | 10:00 AM | 10:00 PM | 12:00 PM | 11:00 PM | 10:00 AM | 11:00 PM | 12:00 PM | 10:00 PM | $350 |
| 9/8/2008 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 10:00 AM | 10:00 PM | 2:00 PM | 10:00 PM | | | 10:00 AM | 11:00 PM | 12:00 PM | 10:00 PM | $300 |
| 9/15/2008 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 10:00 AM | 10:00 PM | | | | | 10:00 AM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 9/22/2008 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 10:00 AM | 10:00 PM | | | | | 10:00 AM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 9/29/2008 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 10:00 AM | 10:00 PM | | | | | 10:00 AM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 10/6/2008 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 10:00 AM | 10:00 PM | | | | | 10:00 AM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 10/13/2008 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 10:00 AM | 10:00 PM | | | | | 10:00 AM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 10/20/2008 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 10:00 AM | 10:00 PM | | | | | 10:00 AM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 10/27/2008 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 10:00 AM | 10:00 PM | | | | | 10:00 AM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 11/3/2008 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 11/10/2008 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 11/17/2008 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 11/24/2008 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | 8:00 AM | 4:00 PM | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $300 |
| 12/1/2008 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | 12:00 PM | 11:00 PM | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $300 |
| 12/8/2008 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 12/15/2008 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 12/22/2008 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 12/29/2008 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | 10:00 AM | 10:00 PM | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $300 |
| 1/5/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 1/12/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 1/19/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 1/26/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 2/2/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 2/9/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 2/16/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 2/23/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 3/2/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 3/9/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 3/16/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 3/23/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 3/30/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 4/6/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 4/13/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 4/20/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 4/27/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 5/4/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 5/11/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 5/18/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 5/25/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 6/1/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 6/8/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 6/15/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 6/22/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 6/29/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 7/6/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 7/13/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 7/20/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 7/27/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 8/3/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 8/10/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 8/17/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 8/24/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 8/31/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 9/7/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 9/14/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 9/21/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 9/28/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 10/5/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 10/12/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 10/19/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 10/26/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 11/2/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |

| Date | | | | | | | | | | | | | | | Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/9/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 11/16/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 11/23/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | 8:00 AM | 4:00 PM | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $300 |
| 11/30/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 12/7/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 12/14/2009 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 12/21/2009 | 10:00 AM | 10:00 PM | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 12/28/2009 | 10:00 AM | 10:00 PM | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | 9:00 AM | 11:00 PM | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $300 |
| 1/4/2010 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 1/11/2010 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 1/18/2010 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 1/25/2010 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 2/1/2010 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 2/8/2010 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 2/15/2010 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 2/22/2010 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 3/1/2010 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 3/8/2010 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 3/15/2010 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 3/22/2010 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 3/29/2010 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 4/5/2010 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 4/12/2010 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 4/19/2010 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 4/26/2010 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 5/3/2010 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | | | 12:00 PM | 10:00 PM | $200 |
| 5/10/2010 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 12:00 PM | 11:00 PM | 12:00 PM | 10:00 PM | $250 |
| 5/17/2010 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 5/24/2010 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 5/31/2010 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 6/7/2010 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 6/14/2010 | 10:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 6/21/2010 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 6/28/2010 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 7/5/2010 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 12:00 PM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 7/12/2010 | 11:00 AM | 10:00 PM | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 8:00 AM | 4:00 PM | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $280 |
| 7/19/2010 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 7/26/2010 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 8/2/2010 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 8/9/2010 | 11:00 AM | 10:00 PM | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 2:00 AM | 11:00 AM | 10:00 PM | $280 |
| 8/16/2010 | 11:00 AM | 10:00 PM | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 8/23/2010 | 11:00 AM | 10:00 PM | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 8/30/2010 | 11:00 AM | 10:00 PM | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 9/6/2010 | 11:00 AM | 10:00 PM | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 9/13/2010 | 11:00 AM | 10:00 PM | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 9/20/2010 | 11:00 AM | 10:00 PM | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 9/27/2010 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 10/4/2010 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 10/11/2010 | 10:00 AM | 10:00 PM | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | 9:00 AM | 10:00 PM | | | | | $150 |
| 10/18/2010 | | | | | | | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $100 |
| 10/25/2010 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 11/1/2010 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 11/8/2010 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 11/15/2010 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 11/22/2010 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 8:00 AM | 3:00 PM | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $300 |
| 11/29/2010 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 12/6/2010 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 12/13/2010 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 12/20/2010 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 12/27/2010 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 1/3/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 1/10/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 1/17/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 1/24/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 1/31/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 2/7/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |

| Date | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2/14/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 2/21/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 2/28/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 3/7/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 3/14/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 3/21/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 3/28/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 4/4/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 4/11/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 4/18/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 9:00 AM | 10:00 PM | $250 |
| 4/25/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 5/2/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | | | | | $150 |
| 5/9/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 5/16/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 5/23/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 5/30/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 6/6/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 6/13/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 6/20/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 6/27/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 7/4/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 7/11/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 7/18/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 7/25/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 8/1/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 8/8/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 8/15/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 8/22/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 8/29/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 9/5/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 9/12/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 9/19/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 9/26/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 10/3/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 10/10/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 10/17/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 10/24/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 10/31/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 11/7/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 11/14/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 11/21/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 11/28/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 12/5/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 12/12/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 12/19/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 12/26/2011 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 1/2/2012 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 1/9/2012 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 1/16/2012 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 1/23/2012 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 1/30/2012 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 2/6/2012 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 2/13/2012 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 2/20/2012 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 2/27/2012 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 3/5/2012 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 3/12/2012 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 3/19/2012 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 3/26/2012 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 4/2/2012 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 4/9/2012 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 4/16/2012 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 4/23/2012 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 4/30/2012 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 5/7/2012 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 5/14/2012 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5/21/2012 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 5/28/2012 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 6/4/2012 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 6/11/2012 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 6/18/2012 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 6/25/2012 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 7/2/2012 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 7/9/2012 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 7/16/2012 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 7/23/2012 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 7/30/2012 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 8/6/2012 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 8/13/2012 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 8/20/2012 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 8/27/2012 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 9/3/2012 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 9/10/2012 | 9:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | 11:00 AM | 10:00 PM | | | | | 9:00 AM | 11:00 PM | 11:00 AM | 10:00 PM | $250 |
| 9/17/2012 | 6:00 AM | 4:00 PM | 8:00 AM | 6:00 PM | 8:00 AM | 9:00 PM | | | | | 8:00 AM | 10:00 PM | 8:00 AM | 9:00 PM | $250 |
| 9/24/2012 | 6:00 AM | 4:00 PM | 8:00 AM | 6:00 PM | 8:00 AM | 9:00 PM | | | | | 8:00 AM | 10:00 PM | 8:00 AM | 9:00 PM | $250 |
| 10/1/2012 | 6:00 AM | 4:00 PM | 8:00 AM | 6:00 PM | 8:00 AM | 9:00 PM | | | | | 8:00 AM | 10:00 PM | 8:00 AM | 9:00 PM | $250 |
| 10/8/2012 | 6:00 AM | 4:00 PM | 8:00 AM | 6:00 PM | 8:00 AM | 9:00 PM | | | | | 8:00 AM | 10:00 PM | 8:00 AM | 9:00 PM | $250 |
| 10/15/2012 | 6:00 AM | 4:00 PM | 8:00 AM | 6:00 PM | 8:00 AM | 9:00 PM | | | | | 8:00 AM | 10:00 PM | 8:00 AM | 9:00 PM | $250 |
| 10/22/2012 | 6:00 AM | 4:00 PM | 8:00 AM | 6:00 PM | 8:00 AM | 9:00 PM | | | | | 8:00 AM | 10:00 PM | 8:00 AM | 9:00 PM | $250 |
| 10/29/2012 | 6:00 AM | 4:00 PM | 8:00 AM | 6:00 PM | 8:00 AM | 9:00 PM | | | | | 8:00 AM | 10:00 PM | 8:00 AM | 9:00 PM | $250 |
| 11/5/2012 | 6:00 AM | 4:00 PM | 8:00 AM | 6:00 PM | 8:00 AM | 9:00 PM | | | | | 8:00 AM | 10:00 PM | 8:00 AM | 9:00 PM | $250 |
| 11/12/2012 | 6:00 AM | 4:00 PM | 8:00 AM | 6:00 PM | 8:00 AM | 9:00 PM | | | | | 8:00 AM | 10:00 PM | 8:00 AM | 9:00 PM | $250 |

## XI.   DEFENDANTS OWE PLAINTIFF ACTUAL DAMAGES

Table 2 is a computation of the plaintiff's actual damages for minimum wages, overtime premium, spread-of-hours wages, and uniform maintenance pay.

## Table 2: Plaintiff's actual damages

| Week beginning | Total days with spread of hours greater than 10 | Total hours | Overtime hours | Regular rate | Minimum wages owed | Overtime premium owed | Spread-of-hours wages owed | Uniform mainten-ance pay owed |
|---|---|---|---|---|---|---|---|---|
| 3/3/2008 | 3 | 56 | 16 | $4.46 | $150.40 | $57.20 | $21.45 | $8.90 |
| 3/10/2008 | 3 | 56 | 16 | $4.46 | $150.40 | $57.20 | $21.45 | $8.90 |
| 3/17/2008 | 3 | 57 | 17 | $5.26 | $107.55 | $60.77 | $21.45 | $8.90 |
| 3/24/2008 | 3 | 57 | 17 | $4.39 | $157.55 | $60.77 | $21.45 | $8.90 |
| 3/31/2008 | 3 | 57 | 17 | $4.39 | $157.55 | $60.77 | $21.45 | $8.90 |
| 4/7/2008 | 3 | 57 | 17 | $4.39 | $157.55 | $60.77 | $21.45 | $8.90 |
| 4/14/2008 | 3 | 57 | 17 | $4.39 | $157.55 | $60.77 | $21.45 | $8.90 |
| 4/21/2008 | 3 | 57 | 17 | $4.39 | $157.55 | $60.77 | $21.45 | $8.90 |
| 4/28/2008 | 3 | 57 | 17 | $4.39 | $157.55 | $60.77 | $21.45 | $8.90 |
| 5/5/2008 | 3 | 57 | 17 | $4.39 | $157.55 | $60.77 | $21.45 | $8.90 |
| 5/12/2008 | 3 | 57 | 17 | $4.39 | $157.55 | $60.77 | $21.45 | $8.90 |
| 5/19/2008 | 3 | 57 | 17 | $4.39 | $157.55 | $60.77 | $21.45 | $8.90 |
| 5/26/2008 | 3 | 57 | 17 | $4.39 | $157.55 | $60.77 | $21.45 | $8.90 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 6/2/2008 | 1 | 27 | 0 | $3.70 | $93.05 | $0.00 | $7.15 | $7.00 |
| 6/9/2008 | 3 | 57 | 17 | $1.75 | $307.55 | $60.77 | $21.45 | $8.90 |
| 6/16/2008 | 3 | 57 | 17 | $4.39 | $157.55 | $60.77 | $21.45 | $8.90 |
| 6/23/2008 | 3 | 57 | 17 | $4.39 | $157.55 | $60.77 | $21.45 | $8.90 |
| 6/30/2008 | 3 | 57 | 17 | $4.39 | $157.55 | $60.78 | $21.45 | $8.90 |
| 7/7/2008 | 3 | 57 | 17 | $4.39 | $157.55 | $60.78 | $21.45 | $8.90 |
| 7/14/2008 | 3 | 57 | 17 | $4.39 | $157.55 | $60.78 | $21.45 | $8.90 |
| 7/21/2008 | 3 | 57 | 17 | $4.39 | $157.55 | $60.78 | $21.45 | $8.90 |
| 7/28/2008 | 3 | 57 | 17 | $4.39 | $157.55 | $60.78 | $21.45 | $8.90 |
| 8/4/2008 | 3 | 57 | 17 | $4.39 | $157.55 | $60.78 | $21.45 | $8.90 |
| 8/11/2008 | 3 | 57 | 17 | $4.39 | $157.55 | $60.78 | $21.45 | $8.90 |
| 8/18/2008 | 3 | 57 | 17 | $4.39 | $157.55 | $60.78 | $21.45 | $8.90 |
| 8/25/2008 | 4 | 68 | 28 | $4.41 | $186.20 | $100.10 | $28.60 | $8.90 |
| 9/1/2008 | 5 | 80 | 40 | $4.38 | $222.00 | $143.00 | $35.75 | $8.90 |
| 9/8/2008 | 3 | 65 | 25 | $4.62 | $164.75 | $89.38 | $21.45 | $8.90 |
| 9/15/2008 | 3 | 57 | 17 | $4.39 | $157.55 | $60.78 | $21.45 | $8.90 |
| 9/22/2008 | 3 | 57 | 17 | $4.39 | $157.55 | $60.78 | $21.45 | $8.90 |
| 9/29/2008 | 3 | 57 | 17 | $4.39 | $157.55 | $60.78 | $21.45 | $8.90 |
| 10/6/2008 | 3 | 57 | 17 | $4.39 | $157.55 | $60.78 | $21.45 | $8.90 |
| 10/13/2008 | 3 | 57 | 17 | $4.39 | $157.55 | $60.78 | $21.45 | $8.90 |
| 10/20/2008 | 3 | 57 | 17 | $4.39 | $157.55 | $60.78 | $21.45 | $8.90 |
| 10/27/2008 | 3 | 57 | 17 | $4.39 | $157.55 | $60.77 | $21.45 | $8.90 |
| 11/3/2008 | 2 | 53 | 13 | $4.72 | $128.95 | $46.48 | $14.30 | $8.90 |
| 11/10/2008 | 2 | 53 | 13 | $4.72 | $128.95 | $46.48 | $14.30 | $8.90 |
| 11/17/2008 | 2 | 53 | 13 | $4.72 | $128.95 | $46.48 | $14.30 | $8.90 |
| 11/24/2008 | 2 | 61 | 21 | $4.92 | $136.15 | $75.07 | $14.30 | $8.90 |
| 12/1/2008 | 3 | 64 | 24 | $4.69 | $157.60 | $85.80 | $21.45 | $8.90 |
| 12/8/2008 | 2 | 53 | 13 | $4.72 | $128.95 | $46.48 | $14.30 | $8.90 |
| 12/15/2008 | 2 | 53 | 13 | $4.72 | $128.95 | $46.48 | $14.30 | $8.90 |
| 12/22/2008 | 2 | 53 | 13 | $4.72 | $128.95 | $46.48 | $14.30 | $8.90 |
| 12/29/2008 | 3 | 65 | 25 | $4.62 | $164.75 | $89.38 | $21.45 | $8.90 |
| 1/5/2009 | 2 | 53 | 13 | $4.72 | $128.95 | $46.48 | $14.30 | $8.90 |
| 1/12/2009 | 2 | 53 | 13 | $4.72 | $128.95 | $46.48 | $14.30 | $8.90 |
| 1/19/2009 | 2 | 53 | 13 | $4.72 | $128.95 | $46.48 | $14.30 | $8.90 |
| 1/26/2009 | 2 | 53 | 13 | $4.72 | $128.95 | $46.48 | $14.30 | $8.90 |
| 2/2/2009 | 2 | 53 | 13 | $4.72 | $128.95 | $46.48 | $14.30 | $8.90 |
| 2/9/2009 | 2 | 53 | 13 | $4.72 | $128.95 | $46.48 | $14.30 | $8.90 |
| 2/16/2009 | 2 | 53 | 13 | $4.72 | $128.95 | $46.48 | $14.30 | $8.90 |
| 2/23/2009 | 2 | 53 | 13 | $4.72 | $128.95 | $46.48 | $14.30 | $8.90 |
| 3/2/2009 | 2 | 53 | 13 | $4.72 | $128.95 | $46.48 | $14.30 | $8.90 |
| 3/9/2009 | 2 | 53 | 13 | $4.72 | $128.95 | $46.48 | $14.30 | $8.90 |
| 3/16/2009 | 2 | 53 | 13 | $4.72 | $128.95 | $46.48 | $14.30 | $8.90 |
| 3/23/2009 | 2 | 53 | 13 | $4.72 | $128.95 | $46.48 | $14.30 | $8.90 |
| 3/30/2009 | 2 | 53 | 13 | $4.72 | $128.95 | $46.48 | $14.30 | $8.90 |
| 4/6/2009 | 2 | 53 | 13 | $4.72 | $128.95 | $46.48 | $14.30 | $8.90 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 4/13/2009 | 2 | 53 | 13 | $4.72 | $128.95 | $46.48 | $14.30 | $8.90 |
| 4/20/2009 | 2 | 53 | 13 | $4.72 | $128.95 | $46.48 | $14.30 | $8.90 |
| 4/27/2009 | 2 | 53 | 13 | $4.72 | $128.95 | $46.48 | $14.30 | $8.90 |
| 5/4/2009 | 2 | 53 | 13 | $4.72 | $128.95 | $46.48 | $14.30 | $8.90 |
| 5/11/2009 | 2 | 53 | 13 | $4.72 | $128.95 | $46.48 | $14.30 | $8.90 |
| 5/18/2009 | 2 | 53 | 13 | $4.72 | $128.95 | $46.48 | $14.30 | $8.90 |
| 5/25/2009 | 2 | 53 | 13 | $4.72 | $128.95 | $46.48 | $14.30 | $8.90 |
| 6/1/2009 | 2 | 53 | 13 | $4.72 | $128.95 | $46.48 | $14.30 | $8.90 |
| 6/8/2009 | 2 | 53 | 13 | $4.72 | $128.95 | $46.48 | $14.30 | $8.90 |
| 6/15/2009 | 2 | 53 | 13 | $4.72 | $128.95 | $46.48 | $14.30 | $8.90 |
| 6/22/2009 | 2 | 53 | 13 | $4.72 | $128.95 | $46.48 | $14.30 | $8.90 |
| 6/29/2009 | 2 | 56 | 16 | $4.46 | $150.40 | $57.20 | $14.30 | $8.90 |
| 7/6/2009 | 2 | 53 | 13 | $4.72 | $128.95 | $46.48 | $14.30 | $8.90 |
| 7/13/2009 | 2 | 53 | 13 | $4.72 | $128.95 | $46.48 | $14.30 | $8.90 |
| 7/20/2009 | 2 | 53 | 13 | $4.72 | $131.05 | $46.73 | $14.40 | $9.00 |
| 7/27/2009 | 2 | 53 | 13 | $4.72 | $134.25 | $47.25 | $14.50 | $9.00 |
| 8/3/2009 | 2 | 53 | 13 | $4.72 | $134.25 | $47.13 | $14.50 | $9.00 |
| 8/10/2009 | 2 | 53 | 13 | $4.72 | $134.25 | $47.13 | $14.50 | $9.00 |
| 8/17/2009 | 2 | 53 | 13 | $4.72 | $134.25 | $47.13 | $14.50 | $9.00 |
| 8/24/2009 | 2 | 53 | 13 | $4.72 | $134.25 | $47.13 | $14.50 | $9.00 |
| 8/31/2009 | 2 | 53 | 13 | $4.72 | $134.25 | $47.13 | $14.50 | $9.00 |
| 9/7/2009 | 2 | 53 | 13 | $4.72 | $134.25 | $47.13 | $14.50 | $9.00 |
| 9/14/2009 | 2 | 53 | 13 | $4.72 | $134.25 | $47.13 | $14.50 | $9.00 |
| 9/21/2009 | 2 | 53 | 13 | $4.72 | $134.25 | $47.13 | $14.50 | $9.00 |
| 9/28/2009 | 2 | 53 | 13 | $4.72 | $134.25 | $47.13 | $14.50 | $9.00 |
| 10/5/2009 | 2 | 53 | 13 | $4.72 | $134.25 | $47.13 | $14.50 | $9.00 |
| 10/12/2009 | 2 | 53 | 13 | $4.72 | $134.25 | $47.13 | $14.50 | $9.00 |
| 10/19/2009 | 2 | 53 | 13 | $4.72 | $134.25 | $47.13 | $14.50 | $9.00 |
| 10/26/2009 | 2 | 53 | 13 | $4.72 | $134.25 | $47.13 | $14.50 | $9.00 |
| 11/2/2009 | 2 | 53 | 13 | $4.72 | $134.25 | $47.13 | $14.50 | $9.00 |
| 11/9/2009 | 2 | 53 | 13 | $4.72 | $134.25 | $47.13 | $14.50 | $9.00 |
| 11/16/2009 | 2 | 53 | 13 | $4.72 | $134.25 | $47.13 | $14.50 | $9.00 |
| 11/23/2009 | 2 | 61 | 21 | $4.92 | $142.25 | $76.12 | $14.50 | $9.00 |
| 11/30/2009 | 2 | 53 | 13 | $4.72 | $134.25 | $47.13 | $14.50 | $9.00 |
| 12/7/2009 | 2 | 53 | 13 | $4.72 | $134.25 | $47.13 | $14.50 | $9.00 |
| 12/14/2009 | 2 | 53 | 13 | $4.72 | $134.25 | $47.13 | $14.50 | $9.00 |
| 12/21/2009 | 5 | 61 | 21 | $4.10 | $192.25 | $76.13 | $36.25 | $9.00 |
| 12/28/2009 | 6 | 75 | 35 | $4.00 | $243.75 | $126.88 | $43.50 | $9.00 |
| 1/4/2010 | 2 | 53 | 13 | $4.72 | $134.25 | $47.13 | $14.50 | $9.00 |
| 1/11/2010 | 2 | 53 | 13 | $4.72 | $134.25 | $47.13 | $14.50 | $9.00 |
| 1/18/2010 | 2 | 53 | 13 | $4.72 | $134.25 | $47.13 | $14.50 | $9.00 |
| 1/25/2010 | 2 | 53 | 13 | $4.72 | $134.25 | $47.13 | $14.50 | $9.00 |
| 2/1/2010 | 2 | 53 | 13 | $4.72 | $134.25 | $47.13 | $14.50 | $9.00 |
| 2/8/2010 | 2 | 53 | 13 | $4.72 | $134.25 | $47.13 | $14.50 | $9.00 |
| 2/15/2010 | 2 | 53 | 13 | $4.72 | $134.25 | $47.13 | $14.50 | $9.00 |

| 2/22/2010 | 2 | 53 | 13 | $4.72 | $134.25 | $47.13 | $14.50 | $9.00 |
|---|---|---|---|---|---|---|---|---|
| 3/1/2010 | 2 | 53 | 13 | $4.72 | $134.25 | $47.13 | $14.50 | $9.00 |
| 3/8/2010 | 2 | 53 | 13 | $4.72 | $134.25 | $47.13 | $14.50 | $9.00 |
| 3/15/2010 | 2 | 53 | 13 | $4.72 | $134.25 | $47.13 | $14.50 | $9.00 |
| 3/22/2010 | 2 | 53 | 13 | $4.72 | $134.25 | $47.13 | $14.50 | $9.00 |
| 3/29/2010 | 2 | 53 | 13 | $4.72 | $134.25 | $47.13 | $14.50 | $9.00 |
| 4/5/2010 | 2 | 53 | 13 | $4.72 | $134.25 | $47.13 | $14.50 | $9.00 |
| 4/12/2010 | 2 | 53 | 13 | $4.72 | $134.25 | $47.13 | $14.50 | $9.00 |
| 4/19/2010 | 2 | 53 | 13 | $4.72 | $134.25 | $47.13 | $14.50 | $9.00 |
| 4/26/2010 | 2 | 53 | 13 | $4.72 | $134.25 | $47.13 | $14.50 | $9.00 |
| 5/3/2010 | 1 | 42 | 2 | $4.76 | $104.50 | $7.25 | $7.25 | $9.00 |
| 5/10/2010 | 2 | 53 | 13 | $4.72 | $134.25 | $47.13 | $14.50 | $9.00 |
| 5/17/2010 | 3 | 57 | 17 | $4.39 | $163.25 | $61.63 | $21.75 | $9.00 |
| 5/24/2010 | 3 | 57 | 17 | $4.39 | $163.25 | $61.63 | $21.75 | $9.00 |
| 5/31/2010 | 3 | 57 | 17 | $4.39 | $163.25 | $61.63 | $21.75 | $9.00 |
| 6/7/2010 | 3 | 57 | 17 | $4.39 | $163.25 | $61.63 | $21.75 | $9.00 |
| 6/14/2010 | 3 | 57 | 17 | $4.39 | $163.25 | $61.63 | $21.75 | $9.00 |
| 6/21/2010 | 4 | 59 | 19 | $4.24 | $177.75 | $68.88 | $29.00 | $9.00 |
| 6/28/2010 | 4 | 59 | 19 | $4.24 | $177.75 | $68.88 | $29.00 | $9.00 |
| 7/5/2010 | 4 | 59 | 19 | $4.24 | $177.75 | $68.88 | $29.00 | $9.00 |
| 7/12/2010 | 5 | 68 | 28 | $4.12 | $213.00 | $101.50 | $36.25 | $9.00 |
| 7/19/2010 | 5 | 60 | 20 | $4.17 | $185.00 | $72.50 | $36.25 | $9.00 |
| 7/26/2010 | 5 | 60 | 20 | $4.17 | $185.00 | $72.50 | $36.25 | $9.00 |
| 8/2/2010 | 5 | 60 | 20 | $4.17 | $185.00 | $72.50 | $36.25 | $9.00 |
| 8/9/2010 | 5 | 63 | 23 | $4.44 | $176.75 | $83.38 | $36.25 | $9.00 |
| 8/16/2010 | 5 | 60 | 20 | $4.17 | $185.00 | $72.50 | $36.25 | $9.00 |
| 8/23/2010 | 5 | 60 | 20 | $4.17 | $185.00 | $72.50 | $36.25 | $9.00 |
| 8/30/2010 | 5 | 60 | 20 | $4.17 | $185.00 | $72.50 | $36.25 | $9.00 |
| 9/6/2010 | 5 | 60 | 20 | $4.17 | $185.00 | $72.50 | $36.25 | $9.00 |
| 9/13/2010 | 5 | 60 | 20 | $4.17 | $185.00 | $72.50 | $36.25 | $9.00 |
| 9/20/2010 | 5 | 60 | 20 | $4.17 | $185.00 | $72.50 | $36.25 | $9.00 |
| 9/27/2010 | 5 | 60 | 20 | $4.17 | $185.00 | $72.50 | $36.25 | $9.00 |
| 10/4/2010 | 5 | 60 | 20 | $4.17 | $185.00 | $72.50 | $36.25 | $9.00 |
| 10/11/2010 | 4 | 48 | 8 | $3.13 | $198.00 | $29.00 | $29.00 | $9.00 |
| 10/18/2010 | 2 | 25 | 0 | $4.00 | $81.25 | $0.00 | $14.50 | $7.10 |
| 10/25/2010 | 5 | 60 | 20 | $4.17 | $185.00 | $72.50 | $36.25 | $9.00 |
| 11/1/2010 | 5 | 60 | 20 | $4.17 | $185.00 | $72.50 | $36.25 | $9.00 |
| 11/8/2010 | 5 | 60 | 20 | $4.17 | $185.00 | $72.50 | $36.25 | $9.00 |
| 11/15/2010 | 5 | 60 | 20 | $4.17 | $185.00 | $72.50 | $36.25 | $9.00 |
| 11/22/2010 | 5 | 67 | 27 | $4.48 | $185.75 | $97.88 | $36.25 | $9.00 |
| 11/29/2010 | 5 | 60 | 20 | $4.17 | $185.00 | $72.50 | $36.25 | $9.00 |
| 12/6/2010 | 5 | 60 | 20 | $4.17 | $185.00 | $72.50 | $36.25 | $9.00 |
| 12/13/2010 | 5 | 60 | 20 | $4.17 | $185.00 | $72.50 | $36.25 | $9.00 |
| 12/20/2010 | 5 | 60 | 20 | $4.17 | $185.00 | $72.50 | $36.25 | $9.00 |
| 12/27/2010 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 1/3/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 1/10/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 1/17/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 1/24/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 1/31/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 2/7/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 2/14/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 2/21/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 2/28/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 3/7/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 3/14/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 3/21/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 3/28/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 4/4/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 4/11/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 4/18/2011 | 5 | 62 | 22 | $4.03 | $199.50 | $239.25 | $36.25 | $9.00 |
| 4/25/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 5/2/2011 | 3 | 35 | 0 | $4.29 | $103.75 | $0.00 | $21.75 | $9.00 |
| 5/9/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 5/16/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 5/23/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 5/30/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 6/6/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 6/13/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 6/20/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 6/27/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 7/4/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 7/11/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 7/18/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 7/25/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 8/1/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 8/8/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 8/15/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 8/22/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 8/29/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 9/5/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 9/12/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 9/19/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 9/26/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 10/3/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 10/10/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 10/17/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 10/24/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 10/31/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 11/7/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 11/14/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 11/21/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 11/28/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 12/5/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 12/12/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 12/19/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 12/26/2011 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 1/2/2012 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 1/9/2012 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 1/16/2012 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 1/23/2012 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 1/30/2012 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 2/6/2012 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 2/13/2012 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 2/20/2012 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 2/27/2012 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 3/5/2012 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 3/12/2012 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 3/19/2012 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 3/26/2012 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 4/2/2012 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 4/9/2012 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 4/16/2012 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 4/23/2012 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 4/30/2012 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 5/7/2012 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 5/14/2012 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 5/21/2012 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 5/28/2012 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 6/4/2012 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 6/11/2012 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 6/18/2012 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 6/25/2012 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 7/2/2012 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 7/9/2012 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 7/16/2012 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 7/23/2012 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 7/30/2012 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 8/6/2012 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 8/13/2012 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 8/20/2012 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 8/27/2012 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 9/3/2012 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 9/10/2012 | 5 | 60 | 20 | $4.17 | $185.00 | $217.50 | $36.25 | $9.00 |
| 9/17/2012 | 3 | 60 | 20 | $4.17 | $185.00 | $217.50 | $21.75 | $9.00 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 9/24/2012 | 3 | 60 | 20 | $4.17 | $185.00 | $217.50 | $21.75 | $9.00 |
| 10/1/2012 | 3 | 60 | 20 | $4.17 | $185.00 | $217.50 | $21.75 | $9.00 |
| 10/8/2012 | 3 | 60 | 20 | $4.17 | $185.00 | $217.50 | $21.75 | $9.00 |
| 10/15/2012 | 3 | 60 | 20 | $4.17 | $185.00 | $217.50 | $21.75 | $9.00 |
| 10/22/2012 | 3 | 60 | 20 | $4.17 | $185.00 | $217.50 | $21.75 | $9.00 |
| 10/29/2012 | 3 | 60 | 20 | $4.17 | $185.00 | $217.50 | $21.75 | $9.00 |
| 11/5/2012 | 3 | 60 | 20 | $4.17 | $185.00 | $217.50 | $21.75 | $9.00 |
| 11/12/2012 | 3 | 60 | 20 | $4.17 | $185.00 | $217.50 | $21.75 | $9.00 |

The restaurant owes Mr. Montellano-Espana $40,382.80 in minimum wages, $29,715.08 in overtime premium, $6,448.70 in spread-of-hours wages, $2,203.00 in uniform maintenance pay, $191.00 for the costs of purchasing a required uniform, and $9,100.00 in retained gratuities, in total, $88,040.58 in actual damages.

## XII.  PLAINTIFF ENTITLED TO FEDERAL AND STATE LIQUIDATED DAMAGES

The plaintiff is entitled to liquidated damages under both the Fair Labor Standards Act and New York Labor Law. Liquidated damages under the Fair Labor Standards Act are "compensation to the employee occasioned by the delay in receiving wages caused by the employer's violation of the FLSA." *RSR Sec. Servs. Ltd.*, 172 F.3d at 142 (citing *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 583–84 (1942)). Liquidated damages under the Minimum Wage Act are punitive. *See, e.g., Reilly v. NatWest Mkts. Grp., Inc.*, 181 F.3d 253, 265 (2d Cir. 1999); *Carter v. Frito-Lay, Inc.*, 425 N.Y.S.2d 115, 115 (N.Y. App. Div. 1980). Because they serve different purposes, a plaintiff may recover both. *Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 262 (S.D.N.Y. 2008). *Contra Fu v. Pop Art Int'l Inc.*, No. 10 CV 8562, 2011 WL 4552436, at *5 (S.D.N.Y. Sept. 19, 2011), *not adopted on other grounds*, 2011 WL 6092309 (S.D.N.Y. Dec. 7, 2011).

"The statute of limitations under the FLSA is two years, 'except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.'" *Rosario v. Valentine Ave. Discount Store, Co., Inc.*, 828 F. Supp. 2d 508, 519 (E.D.N.Y.

2011) (quoting 29 U.S.C. § 255(a)). In considering actual damages, for which the plaintiff can recover only under the statute providing the greater damages, the New York Labor Law, with its longer statute of limitations, always provided the greater damages. However, for liquidated damages, which the plaintiff may recover under both the Fair Labor Standards Act and the New York Labor Law, the statute of limitations under the Fair Labor Standards Act now become relevant.

"An employer willfully violates the FLSA when it either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Act." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 366 (2d Cir. 2011) (citation omitted). "Mere negligence is insufficient." *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir. 2009). "Recklessness is defined as[,] at the least, an extreme departure from the standards of ordinary care[,] to the extent that the danger was either known to the defendant or so obvious that the defendant must have been aware of it." *ECA, Local 134 IBEW Joint Pension Trust of Chicago v. JP Morgan Chase Co.*, 553 F.3d 187, 198 (2d Cir. 2009) (citation omitted). "The burden is on the employee to show willfulness." *Young*, 586 F.3d at 207.

An employer who seeks to avoid liquidated damages as a result of violating the provisions of the Fair Labor Standards Act bears the burden of proving that its violation was both in good faith and predicated upon reasonable grounds. *RSR Sec. Servs.*, 172 F.3d at 142. "To establish the requisite subjective good faith, an employer must show that it took active steps to ascertain the dictates of the FLSA and then act to comply with them." *Barfield v. N.Y.C. Health and Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008).

As of November 29, 2009, an employer who seeks to avoid liquidated damages as a result of violating the New York Labor Law must prove "a good faith basis to believe that its

underpayment of wages was in compliance with the law." N.Y. Lab. Law §§ 198(1-a); 663(1); *see Fermin*, 2015 U.S. Dist. LEXIS 34457, at *61 (quoting *Zubair v. EnTech Eng'g P.C.*, 900 F. Supp. 2d 355, 260 n.3 (S.D.N.Y. 2012) ("[L]iquidated damages are presumed unless defendants can show subjective good faith."). The standard for "good faith" is the same under the Fair Labor Standards Act and the New York Labor Law. *See McLean v. Garage Mgmt. Corp.*, Nos. 09 CV 9325 & 10 CV 3950, 2012 U.S. Dist. LEXIS 55425, at *21 (S.D.N.Y. Apr. 19, 2012). Prior to November 29, 2009, plaintiffs were entitled to recover liquidated damages under the New York Labor Law upon proof of willfulness. *Maldonado v. La Nueva Rampa, Inc.*, No. 10 CV 8195, 2012 U.S. Dist. LEXIS 67058, at *31 & n.19 (S.D.N.Y. May 14, 2012), *adopted* Aug. 9, 2012; *McLean*, 2012 U.S. Dist. LEXIS 55425, at *21. The standard for willfulness is the same under the Fair Labor Standards Act and the New York Labor Law. *Kuebel*, 643 F.3d at 366.

The restaurant failed to prove an affirmative defense of good faith. The restaurant introduced no evidence to show that it took any "active steps" to ensure compliance with the wage and hour laws. On the contrary, there is ample evidence to show that the restaurant's conduct was willful.

Firstly, Mr. Karasakalides testified that he read the minimum wage posters in the restaurant and, therefore, must have known about overtime premium. Despite this, the restaurant failed to pay Mr. Montellano-Espana any differently based on the amount of overtime hours he worked. Secondly, the notices furnished by the restaurant to Mr. Montellano-Espana of his pay rates, besides missing required information, were falsified; they state a basis of wages by which the restaurant never actually paid Mr. Montellano-Espana. Thirdly, Mr. Karasakalides never visited a government web site, consulted a lawyer, or read the wage and hour laws in deciding the plaintiff's basis of wages or figuring out what records the restaurant needed to keep. Fourthly, the restaurant

failed to maintain lawful wage and hour records, even after the restaurant's accountant informed the restaurant that its records were inadequate. Fifthly, the restaurant paid its employees off-the-books, evading payroll taxes and withholding. The sum of this conduct reflects, not just an accidental or negligent, but a reckless violation of the wage and hour laws. The plaintiff has met the burden of proof that the restaurant willfully violated the Fair Labor Standards Act and the Minimum Wage Act. The defendants are liable to the plaintiff for liquidated damages, and the three-year statute of limitations.

The plaintiff is entitled to liquidated damages under the Fair Labor Standards Act in the amount of 100%, 29 U.S.C. § 216(b), and under the New York Labor Law in the amount of 100%. *Quintanilla v. Suffolk Paving Corp.*, No. 09 CV 5331, 2012 U.S. Dist. LEXIS 132469, at *8–9 (E.D.N.Y. Sept. 17, 2012); N.Y. Lab. Law § 663(1).

The plaintiff's claims for minimum wages, overtime premium, and misused tips/retained gratuities arise under both the Fair Labor Standards Act and the New York Labor Law, and the plaintiff therefore is entitled to liquidated damages under both. The plaintiff's remaining claims arise under the New York Labor Law solely, and, for these claims, the plaintiff is entitled to liquidated damages solely under the New York Labor Law.

Table 3 is a computation of the plaintiff's liquidated damages.

**Table 3: Plaintiff's liquidated damages**

|  | Dates | Fair Labor Standards Act liquidated damages | Minimum Wage Act liquidated damages |  |
|---|---|---|---|---|
|  | from March 5, 2008, until March 5, 2011 | n/a |  |  |
| Minimum wages | from March 5 until April 9, 2011 | $16,398.25 | $6,181.14 |  |

|  |  |  |  |  |
|---|---|---|---|---|
|  | from April 9, 2011 |  | $15,658.25 |  |
|  | **Total** | $16,398.25 | $21,839.39 |  |
|  | from March 5, 2008, until March 5, 2011 | n/a |  |  |
|  | from March 5 until April 9, 2011 |  | $2,855.83 |  |
|  | from April 9, 2011 | $19,161.75 | $18,291.75 |  |
| **Overtime premium** | **Total** | $19,161.75 | $21,147.58 |  |
|  | from March 5, 2008, until April 9, 2011 |  | $878.11 |  |
| **Spread-of-hours wages** | from April 9, 2011 | n/a | $2,936.25 |  |
|  | **Total** | n/a | $3,814.36 |  |
|  | from March 5, 2008, until April 9, 2011 |  | $359.50 |  |
| **Uniform maintenance pay** | from April 9, 2011 | n/a | $765.00 |  |
|  | **Total** | n/a | $1,124.50 |  |
| **Reimbursement for costs of required uniform** | **Total** | n/a | $47.75 |  |
|  | from March 5, 2008, until March 5, 2011 | n/a |  |  |
|  | from March 5 until April 9, 2011 |  | $787.50 |  |
| **Misused tips/retained gratuities** | from April 9, 2011 | $6,300.00 | $5,950.00 |  |
|  | **Total** | $6,300.00 | $6,737.50 |  |
| **Total** |  | $41,860.00 | $54,146.08 | $96,006.08 |

The plaintiff is entitled to the sum of $96,006.08 in liquidated damages from the defendants.

## XIII. PLAINTIFF ENTITLED TO STATE LAW PREJUDGMENT INTEREST

Under the Fair Labor Standards Act, prejudgment interest may not be awarded in addition to liquidated damages. *Brock*, 840 F.2d at 1064 (citing *Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697, 714–16 (1945); *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987)). However, prejudgment interest must be awarded under the New York Labor Law in addition to liquidated damages. *Reilly*, 181 F.3d at 265. The interest rate is nine percent per annum. N.Y. C.P.L.R. 5004. "New York law leaves to the discretion of the court the choice of whether to calculate prejudgment interest based upon the date when damages were incurred or 'a single reasonable intermediate date,' which can be used to simplify the calculation." *Marfia v. T.C. Ziraat Bankasi*, 147 F.3d 83, 91 (2d Cir. 1998) (quoting *155 Henry Owners Corp. v. Lovlyn Realty Co.*, 647 N.Y.S.2d 30, 32, 231 A.D.2d 559, 561 (N.Y. App. Div. 1996)). Based upon the date when damages were incurred, the plaintiff is entitled to prejudgment interest from the defendants of $33,758.73 as of September 5, 2015, the date of this paper, plus $19.40 for each additional day until entry of judgment.

## XIV. PROVISION FOR AUTOMATIC INCREASE OF JUDGMENT

The New York Labor Law provides that "any judgment or court order awarding remedies under this section [sections 198 and 663, as does the judgment applied for herein] shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent." N.Y. Lab. Law §§ 198(4), 663(4). It further provides that costs and attorneys' fees incurred in enforcement of a judgment shall be awarded to the plaintiff. *Id.*

## XV.  CONCLUSION

Wherefore, the plaintiff prays the Court enter judgment for the plaintiff and against the defendants for $217,805.39 plus $19.40 for each additional day after September 5, 2015, until entry of judgment, plus postjudgment interest.

LAW OFFICE OF JUSTIN A. ZELLER, P.C.

By: _____
John M. Gurrieri
jmgurrieri@zellerlegal.com
Brandon D. Sherr
bsherr@zellerlegal.com
Justin A. Zeller
jazeller@zellerlegal.com
277 Broadway, Suite 408
New York, N.Y. 10007-2036
Telephone: (212) 229-2249
Dated: New York, New York                 Facsimile: (212) 229-2246
       September 5, 2015                   **ATTORNEYS FOR PLAINTIFF**