UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

PANFILO MONTELLANO-ESPANA,

               Plaintiff,                        14 CV 01433 (SJ) (RLM)

          v.                         <u>DECISION</u>
                                            <u>AND ORDER</u>

COOKING LIGHT INC. and GUS
KARASAKALIDES, jointly and severally,

               Defendants.

-------------------------------------------------------X

A P P E A R A N C E S

LAW OFFICE OF JUSTIN A. ZELLER, P.C.
277 Broadway, Suite 408
New York, New York 10007-2036
By:    John M. Gurrieri
        Brandon D. Sherr
        Justin A. Zeller
Attorneys for Plaintiff

MITCHELL & INCALTALUPO
98-20 Metropolitan Avenue
Forest Hills, New York 11375
By:    Arthur H. Forman
        John A. Mitchell
Attorneys for Defendants

JOHNSON, Senior District Judge:

1

## **INTRODUCTION**

Panfilo Montellano-Espana ("Plaintiff") filed this lawsuit on March 5, 2014, claiming that Gus Karasakalides ("Defendant") and Cooking Light Inc. ("Corporate Defendant") violated the Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("FLSA"), and the New York Labor Law, N.Y. Lab. Law §650 et seq. ("NYLL"). Plaintiff alleges that the Defendants failed to pay minimum wage, overtime compensation, and spread of hours compensation. He also alleges that they failed to provide weekly wage statements, uniform maintenance and purchase costs, and a notice form. Plaintiff seeks to recover unpaid wages, uniform maintenance and purchase costs, applicable liquidated damages, applicable penalties, and prejudgment interest.

At a trial before the Court held on April 7, 2015, the Court received evidence concerning Plaintiff's claims and both parties testified as witnesses. No other witness testified.

Based on the observations made during witness testimony, the Court found Plaintiff to be largely credible in his answers to inquiries from the attorneys as well as from the Court. However, there were some issues where Defendant's testimony was more credible. On the basis of evidence and the stipulations of fact to which the parties agreed, the Court makes the findings of fact and reaches the conclusions of law set forth below.

2

## FINDINGS OF FACT

1.    At all times relevant to this action Defendant owned and operated Cooking

Light Inc. (doing business as "the Garden Grill"), a restaurant located at 318

Graham Avenue in Brooklyn (Transcript, "Tr." 11-12, 80.) At all relevant times,

Defendant exercised substantial control over employment-related aspects of the

business operation, including hiring and firing, establishing wages and hours, and

overseeing employees' day to day work. (Tr. 10, 13-14, 80, 84.) Defendant hired

Plaintiff who then worked at the Garden Grill during the period from December 2,

2007 to November 13, 2012. (Tr. 39-40.) The employment period relevant to this

action spans from March 5, 2008 to November 13, 2012.


2.    As Plaintiff is bringing an action under the FLSA and the NYLL, he "has

the burden of proving that he performed work for which he was not properly

compensated." Fermin v. Las Delicias Peruanas Rest., Inc., 93 F. Supp. 3d 19, 41

(E.D.N.Y. 2015) (quoting Pineda v. Masonry Const., Inc., 831 F. Supp. 2d 666, 674

(S.D.N.Y. 2011)). In case employers fail to provide adequate documentary

evidence, "it is well-settled that [Plaintiff] may satisfy this burden solely through

[his] own recollections." Pineda, 831 F. Supp. 2d at 677 (S.D.N.Y. 2011) (citing

Doo Nam Yang v. ACBL Corp., 427 F. Supp. 2d 327, 335 (S.D.N.Y. 2005)).

3

3.    The weekly wage records on Defendant's timesheets, which were admitted as evidence, correctly reflect the amount Plaintiff was paid in a given week. (Exh. A.) As Plaintiff was paid $50 in cash per workday, the recorded weekly wage divided by 50 equals the number of days Plaintiff worked in a given week.

4.    The hours recorded on the timesheets are not reliable, however. Defendant himself admitted that they do not reflect actual hours. (Tr. 88, 139, 154.) Although Defendant testified that the recorded hours reflect more than Plaintiff's actual hours because he was "generous," the Court does not credit that testimony. (Tr. 88.)

5.    For the purpose of calculating Plaintiff's workhours, the Court divides Plaintiff's employment into two periods: first, from March 5, 2008 to May 8, 2011; second, from May 9, 2011 to November 13, 2012.

6.    During the first period, Plaintiff worked 10 hours on average when the restaurant's closing time was 9 p.m. (Mondays through Thursdays and Sundays). He worked 11 hours on average when the closing time was 10 p.m. (Fridays and Saturdays). These hours include time Plaintiff worked after the restaurant's closing time.

4

7.      During the first period (March 5, 2008 - May 8, 2011), Plaintiff worked 53

hours per week for 151 weeks. As for the other 15 weeks in this period, Plaintiff

worked the following hours:

    i.        31 hours for one week (from March 5 to 9, 2008);

    ii.      26 hours for one week (the week of June 2, 2008);

    iii.    20 hours for three weeks (the week of June 9, 2008[1]; October 18,

            2010; May 2, 2011);

    iv.    63 hours for eight weeks (the weeks of August 25, September 8,

            November 24, December 1, and December 29, 2008; November 23

            and December 28, 2009; November 22, 2010);

    v.      74 hours for one week (the week of September 1, 2008);

    vi.    30 hours for one week (the week of October 11, 2010). (Exh. A.)

---

[1] Regarding this week, Plaintiff testified that he worked five full days, while Defendant testified that Plaintiff worked only 2 days. However, as Plaintiff did not dispute he was paid $100 that week, the Court credits him with working for two days on the week of June 9, 2008. Accordingly, Plaintiff worked 20 hours on that week. (Exh. A; Plaintiff FOF and COL at 32.)

8.      During the next period of Plaintiff's employment (May 9, 2011 – November 13, 2012), Plaintiff worked 55 hours per week for 79 weeks until November 11, 2012. He then worked 20 hours for one week (November 12 – 13, 2012), which was the last week of his employment.

9.      Upon hiring on December 2, 2007, Defendant did not provide Plaintiff with a copy of a notice with employment related information including pay rates, basis of pay rates, and any allowances, as required by N.Y. Lab. Law §195(1). Defendant later provided one in January 2012. (Exh. C; Tr. 155, 160.) He also presented Plaintiff with another notice after Plaintiff stopped working. (Exh. D.) Both notices lack certain information about the employer, including its doing business as, physical/mailing addresses, and telephone number. (Exh. C, D.)

10.     As for the dispute regarding uniform purchase, Plaintiff testified that he had to buy required uniforms, which consist of a t-shirt and pants (both are machine-washable), and that the costs of eight uniform purchases were deducted from his pay. (see, e.g., Exh. B; Tr. 31.) However, the wage records on the timesheets do not contain any deductions in uniforms. Accordingly, Plaintiff's testimony regarding this issue is not credited. On the other hand, Plaintiff was responsible for maintenance of the uniforms. (Tr. 32.)

P-049

## CONCLUSIONS OF LAW

11.    Subject Matter Jurisdiction

The Court has subject matter jurisdiction over Plaintiff's claims arising

under the FLSA pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §1331, and §1337. The

Court has supplemental jurisdiction over the claims arising under the NYLL as

defined in 28 U.S.C. §1367(a) because they are so related to the claims under the

FLSA that they form the same case or controversy.

12.    "Employer"

Defendant concedes that both Corporate Defendant and he were

"employers" of Plaintiff during the relevant employment period within the meaning

of both the FLSA and the NYLL. Defendant's Proposed Findings of Fact and

Conclusions of Law at 7 ("Def FOF and COL".) The two defendants are thus

subject to both FLSA and NYLL liabilities. 29 U.S.C. §203(d); N.Y. Lab. Law.

§651(6).

13.    Applicable Law for Actual Damages

Plaintiff seeks to recover unpaid wages as actual damages. "[W]here a

plaintiff is entitled to damages under both federal and state wage law, a plaintiff

7

may recover under the statute which provides the greatest amount of damages." Wicaksono v. XYZ 48 Corp., No. 10 CIV. 3635 (LAK) (JCF), 2011 WL 2022644, at *3 (S.D.N.Y. May 2, 2011), report and recommendation adopted, No. 10 CIV. 3635 (LAK), 2011 WL 2038973 (S.D.N.Y. May 24, 2011) (quoting Jiao v. Shi Ya Chen, No. 03 CIV. 0165 (DF), 2007 WL 4944767, at *17 (S.D.N.Y. Mar. 30, 2007)). As the six-year statute of limitations for the NYLL claims is longer than the statute of limitations for the FLSA claims, which is two or three years depending on whether the violations were willful, Plaintiff can recover greater damages under the NYLL. 29 U.S.C. § 255(a); N.Y. Lab. Law §663(3). Accordingly, he is entitled to recover actual damages for unpaid wages under the NYLL for the period from March 5, 2008 to November 13, 2012, as this lawsuit was filed on March 5, 2014.

14.     Defendant Not Entitled to Tip Credit

Plaintiff alleges that Defendant failed to pay him proper minimum wages, as required by the FLSA and the NYLL. 29 U.S.C. §206; N.Y. Lab. Law §652(a). As an initial matter, the Court decides that Defendant was not entitled to take a tip credit. "An employer may take a credit towards the basic minimum hourly rate if a service employee or food service worker receives enough tips and if the employee has been notified of the tip credit …." N.Y. Comp. Codes R. & Regs. tit. 12, §146-1.3. Defendant gave Plaintiff neither a written notice nor a verbal explanation that a tip credit would be taken, thereby failing to satisfy the notice requirement. N.Y.

8

Comp. Codes R. & Regs. tit. 12, §146-2.2; Copantitla v. Fiskardo Estiatorio, Inc., 788 F. Supp. 2d 253, 288 (S.D.N.Y. 2011) (deciding that telling an employee the pay would be part hourly wages, part tips did not satisfy the notice requirement). When Defendant did later provide a written notice, it was more than 4 years after Plaintiff started working (9 months before his employment ended), and even then it is unclear whether Plaintiff was properly informed of what a tip credit was. As such, in calculating damages for unpaid wages, the Court does not take into account tips Plaintiff received.

15.     Dispute on 35% Tip Deduction

Plaintiff also alleges that Defendant withheld 35% of Plaintiff's tip from on-line orders and seeks to recover the withheld tip. Defendant failed to produce documentary evidence to show that he did not deduct 35% from Plaintiff's on-line order tips. However, Plaintiff's testimony on this issue is also not credible. First, Plaintiff did not raise this claim in his complaint but raised it during his own direct examination, and he failed to specify when the restaurant started to receive on-line orders. Also, although Plaintiff's testimony leads to a conclusion that he earned much more in tips after the restaurant started to receive on-line orders than before, there was no testimony that Plaintiff's number of daily deliveries increased. For these reasons, the Court finds that Plaintiff has failed to meet his burden of proof on the on-line tip deductions.

P-049

16.    <u>Unpaid Minimum Wages</u>

To determine the amount of unpaid minimum wages, the Court must determine Plaintiff's "regular hourly rates" (the wages Plaintiff was actually paid) and the relevant minimum wage rates over the course of his employment; Plaintiff will be awarded the difference. 29 U.S.C. §206, 216; N.Y. Lab. Law §198, 652(a).

As for the relevant minimum wage rates, Plaintiff is entitled to recover the higher of the applicable federal or state minimum wage. 29 U.S.C. §218(a); N.Y. Lab. Law §652(1). Accordingly, during the period from March 5, 2008 to July 23, 2009, Plaintiff was entitled to the New York state minimum wage, which was $7.15 per hour. N.Y. Lab. Law §652(1). During the period from July 24, 2009 to November 13, 2012, the federal and the New York state minimum wages were both $7.25 per hour, and Plaintiff was thus entitled to $7.25 per hour. <u>Id.</u>; 29 U.S.C. §206(a).

Plaintiff's regular hourly rates "[are] determined by dividing [Plaintiff's] total remuneration for employment (except statutory exceptions) in any workweek by the total number of hours actually worked ...." 29 C.F.R. §778.109. Based on the Court's findings of fact, Plaintiff is entitled to recover $33,408.91 in unpaid minimum wages. The breakdown is as follows. For the period when the relevant minimum wage was $7.15 per hour (from March 5, 2008 to the week of July 20, 2009), Plaintiff is entitled to recover unpaid minimum wages of $9,338.47: Plaintiff

10

worked 3,423 hours at a regular rate of $4.72 per hour; 74 hours at $4.73; 315 hours at $4.76; 20 hours at $5.00; and 26 hours at $5.77.[2]

For the period when the relevant minimum wage was $7.25 per hour (July 27, 2009 to November 13, 2012), Plaintiff is entitled to unpaid wages of $24,070.44, as follows. Plaintiff worked 4,345 hours at a regular rate of $4.55 per hour; 4,611 hours at $4.72; 189 hours at $4.76; and 90 hours at $5.00.

| Unpaid Minimum Wage (when the relevant minimum wage was $7.15) | | |
|---|---|---|
| Regular Rate | # of workhours | Unpaid Amount |
| $4.72 | 3,423 | ($7.15-$4.72) x 3,423 = $8,328.22 |
| $4.73 | 74 | ($7.15-$4.73) x 74 = $179.10 |
| $4.76 | 315 | ($7.15-$4.76) x 315 = $752.25 |
| $5.00 | 20 | ($7.15-$5.00) x 20 = $43.00 |
| $5.77 | 26 | ($7.15-$5.77) x 26 = $35.90 |
| | Total | $9,338.47 |

| Unpaid Minimum Wage (when the relevant minimum wage was $7.25) | | |
|---|---|---|
| Regulate Rate | # of workhours | Unpaid Amount |
| $4.55 | 4,345 | ($7.25-$4.55) x 4,345 = $11,731.50 |
| $4.72 | 4,611 | ($7.25-$4.72) x 4,611 = $11,665.83 |
| $4.76 | 189 | ($7.25-$4.76) x 189 = $470.61 |
| $5.00 | 90 | ($7.25-$5.00) x 90 = $202.50 |
| | Total | $24,070.44 |

---

[2] For the purpose of this opinion, the Court applied the minimum wage of $7.15 to the entire week of July 20, 2009, although the applicable minimum wage changed to $7.25 in the middle of the week because, as the work hours were calculated as weekly averages, this would simplify various damages calculations, while the resultant difference is minimal.

11

17.    Overtime Wages

Plaintiff also seeks to recover unpaid overtime compensation. Under the NYLL, Defendant was required to "pay [Plaintiff] for overtime at a wage rate of 1 ½ times [Plaintiff's] regular rate for hours worked in excess of 40 hours in one workweek." N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4. The regular rate for the purpose of calculating overtime wages is the relevant minimum wage rather than Plaintiff's actual regular rates calculated above because they were below the minimum wage rates.

In total, Plaintiff is entitled to recover $11,878.83 in unpaid overtime compensation, and the breakdown is as follows. From the week of March 10, 2008 to the week of July 20, 2009 when the relevant minimum wage was $7.15 per hour, Plaintiff worked 981 overtime hours, and is thus entitled to additional unpaid overtime compensation of $3,507.08 ($7.15 ÷ 2 x 981 hours). The Court disregarded the period from March 5 to March 9, 2008 for the purpose of overtime compensation calculations because the employment period relevant to this action begins in the middle of that week due to the statute of limitations, and during the period of that week relevant to this action Plaintiff did not work over 40 hours. For the rest of Plaintiff's employment period, from the week of July 27, 2009 to the week of November 12, 2012, when the relevant minimum wage was $7.25 per hour,

12

Plaintiff worked 2,385 overtime hours and is thus entitled to unpaid overtime compensation of $8,645.63 ($7.25 ÷ 2 x 2,385 hours).

| Unpaid Overtime Compensation | | | |
|---|---|---|---|
| Period | Minimum Wage | # of Overtime Hours | Unpaid Overtime |
| 3/10/08-7/26/09 | $7.15 | 981 | $7.15 ÷ 2 x 981 = $3,507.08 |
| 7/27/09-11/13/12 | $7.25 | 2,385 | $7.25 ÷ 2 x 2341.5 = $8,487.94 |
| | | Total | $12,152.70 |

18.    Spread of Hours

Plaintiff is also entitled to unpaid "spread of hours" compensation under the NYLL, as the law requires that an employee "receive one hour's pay at the basic minimum hourly wage rate" if the interval between the beginning and end of an employee's workday exceeds 10 hours. N.Y. Comp. Codes R. & Regs. tit. 12 §142-2.4; Fermin, 93 F. Supp. 3d at 45 (E.D.N.Y. 2015). In sum, Plaintiff is entitled to unpaid spread of hours compensation of $8,815.85 for the relevant employment period based on the following calculations.

During the period from the week of March 10, 2008 to the week of July 20, 2009, when the relevant minimum wage was $7.15 per hour, Plaintiff was entitled

13

to 364 spread of hours. During the period from the week of July 27, 2009 to the week of November 12, 2012, when the relevant minimum wage was $7.25 per hour, Plaintiff was entitled to 857 spread of hours.

| Unpaid Spread of Hours Compensation | | | |
|---|---|---|---|
| Period | Minimum Wage | # of Spread of Hours | Unpaid Spread of Hours |
| 3/10/08-7/26/09 | $7.15 | 364 | $7.15 x 264 = $2,602.60 |
| 7/27/09- 11/13/12 | $7.25 | 857 | $7.25 x 857 = $6,213.25 |
| | | Total | $8,815 |

19.    Liquidated Damages

Plaintiff seeks to recover liquidated damages under both the FLSA and the NYLL. "District courts in this circuit have disagreed as to whether a plaintiff may secure cumulative awards of liquidated damage[s] under both [the FLSA and NYLL]." Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 91 (E.D.N.Y. 2012). Some courts have allowed cumulative awards of liquidated damages under both statutes because it has been viewed that the FLSA liquidated damages are compensatory, whereas the NYLL liquidated damages are punitive. Ke v. Saigon Grill, Inc., 595 F. Supp. 2d 240, 261-62 (S.D.N.Y. 2008); see also Reilly v. Natwest Markets Grp. Inc., 181 F.3d 253, 265 (2d Cir. 1999).

14

On the other hand, other courts have found such a distinction unpersuasive, since the NYLL has been amended to provide for 100% of unpaid wages as liquidated damages, without requiring a showing of willfulness, which courts have interpreted as basis for the NYLL liquidated damages' punitive nature. N.Y. Lab. Law 198(1-a) (amended 2009); Id. (amended 2011); Gortat v. Capala Bros., 949 F. Supp. 2d 374, 381 (E.D.N.Y. 2013) (finding the distinction unpersuasive because it "exalt[s] form over substance."); Asfaw v. BBQ Chicken Don Alex No. 1 Corp., No. 14-CV-5665 (CBA) (RML), 2016 WL 1276417, at *2 (E.D.N.Y. Mar. 30, 2016) (deciding that the NYLL liquidated damages now appear to be compensatory as the willful requirement has been removed); Hernandez v. Jrpac Inc., No. 14 CIV. 4176 (PAE), 2016 WL 3248493, at *35 (S.D.N.Y. June 9, 2016) (holding a cumulative award after the amendments would amount to an "impermissible double recovery"); Lopez v. Yossi's Heimishe Bakery Inc., No. 13-CV-5050 (FB) (CLP), 2015 WL 1469619, at *11 (E.D.N.Y. Mar. 30, 2015).

The Court follows the more recent trend by not allowing a cumulative award of liquidated damages under both the FLSA and NYLL. As the NYLL liquidated damages cover a longer period and include spread of hours compensation, it provides for a greater award than the FLSA liquidated damages. Thus, the Court awards Plaintiff the NYLL liquidated damages only.

For the period until November 23, 2009, which is before the NYLL was amended, Plaintiff is entitled to recover 25% of unpaid wages upon showing of

15

willfulness of Defendant's violations. For the period from November 24, 2009 to April 8, 2011, when the first amended NYLL was effective, Plaintiff is entitled to recover 25% of unpaid wages unless Defendant shows his violations were good faith mistakes. From April 9, 2011 and onwards, Plaintiff is entitled to recover 100% of unpaid wages awarded as actual damages under the current state of the law. N.Y. Lab. Law 198(1-a).

A violation is considered willful if the employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited." Kuebel v. Black & Decker Inc., 643 F.3d 352, 366 (2d Cir. 2011). In the case at hand, Defendant filled out two notice forms as if Plaintiff was properly paid in accordance with the relevant laws, when in fact he was being underpaid. Defendant also testified that he read wage and hours posters and consulted an accountant on a regular basis regarding minimum wages. (Tr. 152.) In light of these facts, the Court determines that Defendant knew he was violating the laws, and therefore his violations were willful.

Therefore, from March 5, 2008 to April 8, 2011, Plaintiff is entitled to recover liquidated damages of $8,681.13 (25% x ($21,194.45 in unpaid minimum wage + $7,715.70 in unpaid overtime compensation + $5,814.35 in unpaid spread of hours compensation)). Additionally, for the period from April 9, 2011 to November 13, 2012, Plaintiff is entitled to recover 100% of actual damages

16

awarded for this period, and is therefore entitled to liquidated damages of $19,682.50 ($12,244 in unpaid minimum wage + $4,437 in unpaid overtime compensation + $3,001.50 in unpaid spread of hours compensation). In sum, Plaintiff is entitled to recover $28,363.63 in liquidated damages.

| Liquidated Damages | | | | |
|---|---|---|---|---|
| Period | Unpaid Minimum | Unpaid Overtime | Unpaid Spread of | Liquidated Damages |
| 3/5/08-4/8/11 | $21,194.45 | $7,715.70 | $5,814.35 | 25% x<br>($21,194.45+$7,715.70+$5,814.35)<br>= $8,681.13 |
| 4/9/11-11/13/12 | $12,244 | $4,437 | $3,001.50 | $12,244 + $4,437 + $3,001.50<br>= $19,682.50 |
| | | | Total | $28,363.63 |

20.    Uniform Maintenance

Plaintiff seeks to recover uniform maintenance pay. "Where an employer does not maintain required uniforms for [an] employee, the employer shall pay, in addition to the employee's agreed rate of pay, uniform maintenance pay ...." N.Y. Comp. Codes R. & Regs. tit. 12, §146-1.7. However, that is not the case with wash and wear uniforms, which employees must maintain for themselves. Id. Accordingly, Plaintiff is not entitled to recover uniform maintenance pay.

17

21.    Wage Statements

Plaintiff also alleges, without dispute, that Defendant never provided

Plaintiff with a weekly wage statement, as required by N.Y. Lab. Law §195(3).

Pursuant to N.Y. Lab. Law §195(1-d), Plaintiff is entitled to recover $100 for each

work week that the violation occurred or continued to occur on or after April 9,

2011, up to a maximum of $2,500. The period from April 9, 2011 to November 13,

2012, the end of Plaintiff's employment, well exceeds 25 work weeks, and

therefore Plaintiff is entitled to recover the maximum statutory award of $2,500.


22.    Notice

Defendant also violated N.Y. Lab. Law §195(1) which required Defendant

to provide Plaintiff with an annual notice form before February 1st of each year.

The notice form should have contained an array of employment related information

including pay rates, basis of pay rates, any allowances, and employer's business

information. N.Y. Lab. Law §195(1). Although the law was later amended to

eliminate the annual requirement in 2015, Defendant violated Section 195(1) as

effective from April 9, 2011 to February 26, 2015, as he did not provide Plaintiff

with a notice form before February 1, 2012. Pursuant to N.Y. Lab. Law §198(1-b),

Plaintiff is entitled to recover $50 for each work week that the violation occurred or

continued to occur, up to a maximum of $2,500. The violation continued for 41

P-049

weeks from February 2 to November 13, 2012. Therefore, Plaintiff is entitled to recover $2,050.

23.    Prejudgment interest

Plaintiff also seeks prejudgment interest on unpaid wages owed to him under both the FLSA and the NYLL. Under both laws, prejudgment interest is compensatory in nature. Hernandez at *35 (S.D.N.Y. June 9, 2016) (citing Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 714-15 (1945) (FLSA) and Reilly, 181 F.3d at 265 (NYLL)). As the FLSA liquidated damages is also compensatory, "[i]t is well settled that in an action for violations of the [FLSA] prejudgment interest may not be awarded in addition to liquidated damages" because it would double compensate plaintiff. Brock v. Superior Care, Inc., 840 F.2d 1054, 1064 (2d Cir. 1988). On the other hand, it has also been settled in this Circuit that liquidated damages and prejudgment interest may both be awarded under the NYLL, as the NYLL liquidated damages have been held to be punitive. Reilly, 181 F.3d at 265.

As the Court held above that the NYLL liquidated damages are now compensatory rather than punitive, it might seem that awarding prejudgment interest under the NYLL would double compensate Plaintiff. However, "a separate basis applies for the award of prejudgment interest alongside a liquidated damages award ... [because] the NYLL expressly provides for a plaintiff to receive both

19

types of awards." <u>Hernandez</u> at *35 (S.D.N.Y. June 9, 2016) (quoting the NYLL, "the court shall allow [an] employee to recover ... prejudgment interest as required under the civil practice law and rules, and [...] an <u>additional amount</u> as liquidated damages ...." N.Y. Lab. Law §198(1-a) (emphasis added)).

In calculating prejudgment interest, the Court applies a statutory interest rate of nine percent per annum pursuant to N.Y. C.P.L.R. §5004. Since damages were incurred at various times, interest can be computed on all of the damages from a single reasonable intermediate date pursuant to N.Y. C.P.L.R. §5001(b), and courts have "wide discretion in determining a reasonable date from which to award pre-judgment interest." <u>Conway v. Icahn & Co.</u>, 16 F.3d 504, 512 (2d Cir. 1994). A reasonable intermediate date can be a midway point between when Plaintiff was entitled to recover under the NYLL and when he filed this lawsuit. <u>Perez v. Queens Boro Yang Cleaner, Inc.</u>, No. 14-CV-7310 (SJ) (JO), 2016 WL 1359218, at *7 (E.D.N.Y. Mar. 17, 2016), <u>report and recommendation adopted sub nom. Perez v. Yang Cleaners</u>, No. 14 CV 7310 (SJ) (JO), 2016 WL 1337310 (E.D.N.Y. Apr. 5, 2016).

In the case at hand, since Plaintiff can recover unpaid wages from March 5, 2008, a reasonable intermediate date would be the median date, March 5, 2011, and the Court uses this date to calculate Plaintiff's prejudgment interest. The total amount Defendant owes Plaintiff in unpaid wages (minimum wage, overtime, and

20

spread of hours) is $54,377.46. With nine percent per annum interest from March 5, 2011 to this date (August 1, 2016), Plaintiff's award of prejudgment interest is $26,494.49 ($54,377.46 x (9% ÷ 365) x 1976 days).

24.    <u>Automatic Increase of Judgment</u>

Plaintiff's damages are all awarded under the NYLL. Therefore, pursuant to N.Y. Lab. Law §663(4), the Court decides that "if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent." Also, Plaintiff "shall have the right to collect attorneys' fees and costs incurred in enforcing any court judgment." N.Y. Lab. Law §663(4).

P-049

## CONCLUSIONS

WHEREFORE, the Court therefore finds in favor of Plaintiff and awards him with damages as follows:

| Summary of Damages Calculations | |
| --- | --- |
| Minimum Wages | $33,408.91 |
| Overtime Compensation | $12,151.70 |
| Spread of Hours Compensation | $8,815.85 |
| Liquidated Damages | $28,363.63 |
| Notice violations | $2,050 |
| Statement violations | $2,500 |
| Prejudgment interest | $26,494.49 |
| Total | $ 113,784.58 |

**SO ORDERED.**

Dated: August 1, 2016
      Brooklyn, New York

s/Sterling Johnson, Jr.

Sterling Johnson, Jr., U.S.D.J.

P-049